**William Edward WAGGONNER, Sheriff of Bossier Parish, Louisiana.**

**No. 48982.**

Nov. 17, 1967.

Since there is no showing that resort has been previously had to the courts where applicant is confined the application is denied. Although this court is vested by Section 2 of Article VII of the Constitution of Louisiana with original jurisdiction to issue writs of habeas corpus, it will refrain from exercising this power unless resort is first had to the court or judge of inferior jurisdiction having authority to issue said writ, save in extraordinary circumstances making direct action or intervention necessary and expedient. Title IX, Louisiana Code of Criminal Procedure; State ex rel. McIsaac v. Sigler, 236 La. 773, 109 So.2d 89 (1959); State v. Woods, 154 La. 631, 98 So. 47 (1923).

204 So.2d 572

**STATE ex rel. John A. DeBARGE**

v.

**CAMERON PARISH SCHOOL BOARD et al.**

**No. 48932.**

Dec. 11, 1967.

Writ refused. On the facts found by the Court of Appeal we find no error of law in its judgment.

SANDERS, J., is of the opinion that a writ should be granted. See State ex rel. Charbonnet v. Jefferson Parish School Board, 249 La. 727, 190 So.2d 238 (writ action).

SUMMERS, J., is of the opinion the writ should be granted. The School Board did not discharge DeBarge, they merely returned him to the position he occupied before and in which he had tenure. Since he was not discharged as a teacher, the tenure law was not violated. This decision unduly restricts the School Board in its conduct of the schools under its authority and for which that Board is responsible. See R.S. La.R.S. 17:441 et seq.