340 So.2d 121 (1976)
William Ben HART, Appellant,
v.
SCHOOL BOARD OF WAKULLA COUNTY, Appellee.
No. Z-448.
District Court of Appeal of Florida, First District.
December 14, 1976.
Joseph C. Jacobs, Robert J. Angerer and Brian S. Duffy of Ervin, Varn, Jacobs, Odom & Kitchen, Tallahassee, for appellant.
William F. Daniel of Cotten, Shivers, Gwynn & Daniel, Tallahassee, for appellee.
SMITH, Judge.
William Hart, a Wakulla county school teacher who was separated from his employment by the appellee Board's acceptance of his written resignation which Hart sought vainly to withdraw, appeals from the circuit court judgment dismissing his action against the Board for money damages and injunctive relief.
Hart held a one-year contract to teach at Wakulla High School for the school year *122 1974-75. On January 24, 1975, after several incidents resulting in administration criticism of Hart's performance, the principal, with the superintendent's approval, confronted Hart with two alternatives: either resign effective January 27 or the principal would initiate proceedings to have his contract terminated. The principal then softened the ultimatum to require only that Hart submit two written resignations by January 27, one effective March 3 and another effective June 12, 1975. The principal offered Hart "a list of deficiencies and things I needed to do, needed to correct," and proposed to tear up the March 3 resignation on that date if Hart improved by then, thus permitting him to serve until the end of his contract. If there was then further improvement, the principal proposed to destroy the June 12 resignation and to consider Hart's reemployment in the following year.
Hart understood his failure to submit the requested resignations would result in his immediate suspension until the Board could meet to consider formal charges for his dismissal. Sec. 231.36(6), F.S. 1975. Mindful of the potential financial and professional advantage of avoiding a dismissal proceeding, Hart chose the course of placing the postdated resignations, addressed to the superintendent, in the hands of the principal.
On January 31, the assistant principal delivered a "record of deficiencies" to Hart. A few days later, Hart again offended standards of conduct stated in the "record of deficiencies," and was so notified in writing. The principal thereupon recommended to the superintendent that Hart's resignation effective March 3 be submitted and recommended for Board acceptance at its February 24 meeting.
Apparently without knowledge that a decision had been made to recommend Board acceptance of the resignation effective March 3, Hart sought legal counsel, who in Hart's behalf wrote a letter February 12 purporting to withdraw both of Hart's resignations. Hart continued to teach. On February 24, over Hart's protest, the Board accepted Hart's resignation effective March 3.
In sustaining the Board's action, the circuit court characterized Hart's resignation as "unconditional and ... lawfully presented to the Board," but otherwise did not explicitly address Hart's contention that he and his counsel effectively withdrew his resignation before it was accepted.
We recently reaffirmed the proposition that a teacher's contract is with the School Board, not with the principal or superintendent, and that a teacher negotiating for favorable administration recommendations for reemployment or tenure cannot acquire, from administrators, contractual rights effective against the Board. School Board of Leon County v. Goodson, 335 So.2d 308 (Fla.App. 1st, 1976). The converse of that proposition would also seem true: that a teacher, having tendered a written resignation to his principal or superintendent, may regard it as ineffective or at least avoidable until it is accepted by the Board with whom his contract exists. See §§ 230.22, .23(5), F.S. 1975; Eberle v. Joint Sch. Dist. No. 1 of Towns of Ithaca, etc., 37 Wis.2d 651, 155 N.W.2d 573 (1968); State ex rel. Phillips v. Ford, et al., 116 Mont. 190, 151 P.2d 171 (1944); State v. Cameron Parish School Board, 202 So.2d 34 (La. App. 3d, 1967), cert. refused 251 La. 386, 204 So.2d 572 (1967). Compare In re: Advisory Opinion to the Governor, 117 Fla. 773, 158 So. 441 (1934). Contrast Motley v. Board of Pub. Instr. of Okaloosa Co., 190 So.2d 815 (Fla.App. 1st, 1966), in which the teacher tardily sought to withdraw his resignation after it had been accepted.
The issue here is whether, on principles of waiver or estoppel, Hart disabled himself to withdraw the written resignations he placed in the principal's hands. If the question were presented in the context of a private controversy, uninfluenced by statutory policy, we would have no doubt that Hart, in order to continue teaching, waived entitlement to the formal process of discharge proceedings and intentionally relinquished his known right to be charged and tried on grounds sufficient for discharge. *123 Compare Garner v. Margery Lane, Inc., 242 So.2d 776, 779 (Fla.App. 4th, 1971). Hart could also be said to have estopped himself to claim entitlement to employment beyond March 3 by willingly accepting a bargain which offered him employment until that date and perhaps beyond. United Contractors, Inc. v. United Constr. Corp., 187 So.2d 695, 701-02 (Fla.App. 2d, 1966).
Equitable as it may seem to hold Hart to the consequences of the bargain whose benefits he entirely consumed, to do so would undermine clearly stated legislative policy that establishes the School Board as the hiring and firing authority in a county system. Just as the written employment contract executed in the name of the Board is the system's protection from the vicissitudes of random parleys between principals and teachers over jobs and tenure, §§ 230.23(5)(e), 231.351, 231.36, F.S. 1975, so also the statutory scheme for dismissing an incompetent or willfully neglectful teacher, § 231.36(6), F.S. 1975, is the teachers' and the system's protection against capricious and overbearing administrators. The record in this case contains no suggestion that the principal or superintendent acted in bad faith either in characterizing Hart's "record of deficiencies" or in offering him a chance for redemption in exchange for written resignations. But, given the administrator's ability to initiate dismissal proceedings before the Board and the teacher's dread of such an experience, judicial approval of such informal bargains would soon install them as a more convenient alternative to the cumbersome, time-consuming and embarrassing statutory dismissal process. Inevitably, there would be controversies over whether the administrator's grievances against the teacher justified demanding his resignation and whether the administrator intended never to afford the probationer the promised chance to correct his shortcomings. Those controversies would become judicial controversies, and the school board would thus be bypassed. Rigid as the statutory scheme may be, we should not permit its evasion even where, as here, the equities are with the Wakulla school administrators rather than with the teacher.
We therefore hold that Hart's tendered resignations constituted offers by him to the Board to dissolve their contract; that, though they were delivered to the principal and by him to the superintendent, Hart retained the power, commonly accepted in other contractual contexts, to withdraw his offers before they were approved and accepted; and, consequently, that Hart could not be dismissed following withdrawal of his resignations on February 12, 1975, except by the formal dismissal process which was never invoked. Hart is therefore entitled to judgment, with interest, for salary unpaid through June 12, 1975, the date his contract expired. The trial court was correct, however, in dismissing Hart's complaint for mandamus, injunction and for damages in addition to unpaid salary.
The judgment of the circuit court is reversed and the cause is remanded for entry of a proper judgment.
MILLS, Acting C.J., and DRURY, ARVEL, Associate Judge, concur.