BOOTH, Judge.
This cause is before us on appeal from final administrative action of the School Board of Suwannee County [Board] wherein the Board by a three-to-two vote denied appellant a hearing with regard to the rejection by the Board of the Superintendent’s nomination of appellant for a continuing contract.
Appellant has been employed by appellee as an annual contract teacher for the years 1975 through 1978. In 1978, Superintendent of Schools, Verna L. Bass, nominated appellant for appointment to a continuing contract beginning with the 1978-79 school year. The nomination was based upon three consecutive years of service in the Suwannee County School District and a satisfactory performance during that time. At the April 18, 1978, meeting, the Board rejected the Superintendent’s nomination of appellant for a continuing contract and instead proposed retaining appellant on a fourth-year annual contract. The Superintendent again nominated appellant for appointment to a continuing contract. At its meeting on May 11, 1978, the Board withdrew its offer of a proposed fourth-year annual contract and again rejected the Superintendent’s nomination for appointment of appellant to a continuing contract. No “good cause” within the meaning of Florida Statute § 230.23(5)(c) was given for the rejection of appellant’s nomination. Appellant’s written request for an explanation of the rejection was denied. On June 7, 1978, the Board issued its order denying appellant’s request for a hearing.
The issue before this Court is whether the Board has departed from the essential requirements of law, as more specifically set forth in § 230.23(5)(c), by refusing to provide the nominee for a continuing contract with reasons for the nominee’s rejection and opportunity for hearing and response to the reasons cited. Florida Statute § 230.-23(5)(c) provides the Board shall:
“(5) PERSONNEL. — Designate positions to be filled, prescribe qualifications for those positions, and provide for the appointment, compensation, promotion, suspension, and dismissal of employees as follows, subject to the requirements of chapter 231:
* * * * * *
(c) Appointment of instructional staff.— Act not later than 6 weeks before the close of the post school conference during any year on the nominations by the superintendent of supervisors or principals; act not later than 4 weeks before the close of the post school conference during any year on the nominations by the superintendent of all other members of the instructional staff. The school board may reject for good cause any supervisor, principal, other member of the instructional staff, or other employee nominated. In case the third nomination by the superintendent for any position be rejected for good cause, the said school board shall then proceed on its own motion to fill such positions.” (e. s.)
Florida Statute § 231.36(3)(a) provides that the Board shall issue a continuing contract to the teacher meeting all of the requirements set forth in that statute, as follows:
*456 “(3)(a) The school board of each district shall provide continuing contracts as prescribed herein. Each member of the instructional staff, excluding supervisors and principals, in each district school system, except in districts operating under local, special or general tenure laws with stated population application, who:
1. Holds a regular certificate based at least on graduation from a standard 4-year college, or as otherwise provided by law;
2. Has completed 3 years of service in the same district of the state during a period not in excess of 5 successive years, such service being continuous except for leave duly authorized and granted;
3. Has been reappointed for the fourth year; and
4. Has been recommended by the superintendent for such continuing contract based on successful performance of duties and demonstration of professional competence
shall be entitled to and shall be issued a continuing contract in such form as may be prescribed by regulations of the state board.”
Under the foregoing statutes, a nominee for a continuing contract, as opposed to an annual contract, has an earned status which entitles that nominee to a statement of good cause for the Board’s rejection of the nomination. Incident to the requirement that the nominee be informed of the reasons for the Board’s rejection is the right to respond and to request a hearing. The annual contract signed by appellant in this case does not waive or otherwise relieve the Board of this statutory obligation.
Accordingly, final agency action herein reviewed is REVERSED, and the cause REMANDED for further proceedings consistent herewith.
BOYER, Acting C. J., and MILLS, J., concur.