STARNES, HUGH E., Associate Judge.
Minnie Chestnut was dismissed from her employment with the Hillsborough County School Board. She filed a “grievance” challenging her dismissal under procedures promulgated by the School Board. The only evidentiary hearing provided for under the School Board’s procedures was a “Level II” hearing before a “Superintendent’s Review Board” consisting of administrative employees of the School Board. Prior to this hearing Mrs. Chestnut’s counsel requested issuance of subpoenas to compel attendance of witnesses deemed necessary to present her side of the dispute. • This request was denied. Her counsel was also refused permission to cross-examine witnesses presented at the hearing and was not allowed to make legal objections on evidentiary matters at the hearing. No verbatim record of *1238 the proceeding was made. The Superintendent’s Review Board hearing culminated in a refusal to reinstate Mrs. Chestnut. After this action was affirmed by the School Board, Mrs. Chestnut filed a petition for judicial review of the final agency action pursuant to section 120.68, Florida Statutes (Supp.1978).
Although during the grievance hearings the School Board took the position that the Florida Administrative Procedures Act, Chapter 120, Florida Statutes (1977 & Supp. 1978), did not apply, it now concedes that Chapter 120 does govern the proceedings at issue herein. Section 120.68(8) provides that the case shall be remanded for further agency action if the fairness of the proceeding has been impaired by a material error in procedure. The only issue we need decide is whether Mrs. Chestnut was entitled to have witnesses subpoenaed, to cross-examine witnesses presented by the agency, to make legal objections during the proceeding, and to have a record of the proceedings maintained. If she was entitled to these procedural rights and did not receive them, then obviously the fairness of the proceeding was impaired. Sections 120.57(l)(b)(4) and 120.-58(l)(b), Florida Statutes (Supp.1978), clearly provide that a party to a “formal proceeding” is entitled to the rights requested. Under section 120.57 “formal proceedings” are required, unless waived, whenever the proceeding involves a disputed issue of fact and in which the substantial interests of a party are determined by the agency. The record on appeal clearly demonstrates that there was a disputed issue of fact; therefore a formal proceeding was necessary since Mrs. Chestnut did not waive her right to one. In fact, Mrs. Chestnut specifically asserted a right to a hearing under section 120.58(1). Because of the denial of her procedural rights thereunder, Mrs. Chestnut is entitled to another hearing which must comply with the provisions of section 120.-58(1).
We note in passing that the Superintendent’s Review Board is not a proper hearing officer under section 120.57(l)(a). Although this point was not raised before us, the new hearing should be held before a properly sanctioned hearing officer under the Florida Administrative Procedures Act.
The decision of the School Board is thus set aside, and the case is remanded for a new agency hearing to be held pursuant to all the provisions of section 120.57(1), Florida Statutes (Supp.1978). We deny Mrs. Chestnut’s request for an award of attorney fees and costs in this proceeding.
HOBSON, Acting C. J., and OTT, J., concur.