387 So.2d 1023 (1980)
Vicki GAINEY, Appellant,
v.
SCHOOL BOARD OF LIBERTY COUNTY, Florida, Appellee.
No. PP-271.
District Court of Appeal of Florida, First District.
September 10, 1980.
*1025 Ronald G. Meyer, Tampa, for appellant.
James Conner, Tallahassee, and Gary M. Ketchum, Tampa, for appellee.
LARRY G. SMITH, Judge.
Vicki Gainey appeals from an order of the School Board of Liberty County denying her continuing contract status, reinstatement to her teaching job in Liberty County, and reimbursement of lost salary during the period when she was denied teaching employment in the County. We conclude that the School Board erroneously rejected the recommended order of the hearing examiner, Division of Administrative Hearings, who found, based upon competent substantial evidence, that appellant had not resigned, abandoned her job, nor waived her right to continuing contract status, and that she was statutorily guaranteed continuing employment. Reversed with directions.
Continuing contracts for members of the instructional staff of public schools are provided for by Section 231.36(3)(a), Florida Statutes (1977):
(3)(a) The school board of each district shall provide continuing contracts as prescribed herein. Each member of the instructional staff ... who:

*1026 1. Holds a regular certificate based at least on graduation from a standard 4-year college, or as otherwise provided by law;
2. Has completed 3 years of service in the same district of the state during a period not in excess of 5 successive years, such service being continuous except for leave duly authorized and granted;
3. Has been reappointed for the fourth year; and
4. Has been recommended by the Superintendent for such continuing contract based on successful performance of duties and demonstration of professional competence
shall be entitled to and shall be issued a continuing contract in such form as may be prescribed by regulations of the school board.
Appellant clearly met the first three conditions in that she had the necessary teacher's certificate, completed three years continuous service (school years 1971-72, 1972-73, and 1973-74), and was reappointed, upon recommendation of the School Superintendent, for the school year 1974-75, her fourth year.
The controversy in this case hinges upon whether the fourth condition  recommendation by the School Superintendent  for a continuing contract was satisfied, so as to entitle appellant to a continuing contract. On this point the hearing examiner ruled in appellant's favor, giving effect to appellant's undisputed testimony that she was recommended by her principal and the School Superintendent for reappointment for her fourth year under a continuing contract, and finding that her testimony was corroborated by a letter (dated December 1, 1977) from her principal to the School Board, requesting her reinstatement to continuing status, reciting in part:
... Mrs. Gainey held continuing contract in the Liberty County school system prior to taking personal leave in November of 1974. She was re-employed in her original position November, 1976.
The Board presented no testimony controverting that of appellant. In addition, the Board's official minutes of their May 4, 1974 meeting show that appellant was recommended for employment as a teacher for the 1974-75 school year, and was employed by the Board. A primary cause for the present difficulty between the parties is the failure of these official minutes to contain any reference as to appellant's employment status, whether upon an annual or continuing contract basis; and this deficiency was further compounded by the failure of the Board to actually ever submit to appellant a written contract for her signature for the school year 1974-75.
The appellee-School Board's attack upon the hearing examiner's findings with respect to her contract status focuses upon the equivocal nature of the Board's minutes, and upon its contention that the hearing examiner erred as a matter of law in considering the principal's December 1, 1977 letter as evidence, over the Board's objection that it was pure hearsay. We determine that the deficiencies in the Board's own minutes cannot be used to deprive appellant of statutory rights she possesses as a teacher; and, although we agree that the principal's letter cannot be accepted as proof of the Superintendent's recommendation, it was admissible and entitled to limited consideration in support of appellant's testimony that she understood she had been recommended for and was under a continuing contract, and it is also indicative of the absence of any question as to appellant's professional competence and successful performance of her duties.
Our reading of the controlling statutes convinces us that a sufficient showing was made by appellant to warrant a determination that she was entitled to be accorded continuing contract status for the 1974-75 school year. Appellee concedes that the action of the School Board at its May 4, 1974 meeting is significant, "[F]or, at that time the appellant was completing her third continuous year of service with the appellee School Board and it would be the appropriate time for the Superintendent to either recommend that she be hired for a fourth year and be placed on a continuing contract, *1027 ... or recommend that she be hired for a fourth year pursuant to an annual contract... ." (Appellee's brief, page 5) This observation correctly sums up the statutory alternatives facing a School Board when a teacher is eligible for a fourth year of employment.
Under Section 231.36(3)(a), the Board "... shall provide continuing contracts ...," for each teacher meeting the requirements of the statute, including recommendation by the Superintendent for continuing contract "based on successful performance of duties and demonstration of professional competence," or, under Section 231.351, a teacher who is otherwise qualified under Section 231.36 "may in the alternative be retained on an annual basis if the school board of the particular district upon the recommendation of the superintendent shall by majority vote find that such teacher does not meet the desired standards." A further provision, found in Section 231.36(3)(c), allows an extension of the three year service period (Section 231.36(3)(a)3.) to four years, "when prescribed by the school board and agreed to in writing by the employee at the time of reappointment or as provided by Section 231.351."
The statutory scheme, therefore, is simply that a teacher, upon becoming eligible for and being granted a fourth year of employment, must be considered as entitled to a continuing contract, unless (1) the teacher has been found (by the Board, upon recommendation of the Superintendent) not to meet the desired standards of successful performance and professional competence during the three year service period, or (2) unless the three year period has been extended at the time of reappointment to four years by agreement in writing between the Board and the teacher. In other words, the applicable statutory provisions, when taken as a whole, impose a mandatory duty upon the Superintendent and the Board to either grant a continuing contract (unless agreed otherwise in writing by the teacher), retain the teacher upon an annual contract by finding that the teacher does not meet the desired standards for a continuing contract, or to discharge the teacher. We find no other construction which would give meaning and effect to all the pertinent statutory provisions. If, as apparently assumed by appellee, a teacher meeting the first three conditions of Section 231.36(3)(a) could merely be recommended for employment and hired for a fourth year, without consideration of the teacher's entitlement to continuing contract status, the legislature would have had no occasion to enact Section 231.351, which requires an affirmative finding of unfitness as a condition to retention for a fourth year under an annual contract. Furthermore, Section 231.36(3)(c), allowing extension of the three year service period to four years by agreement in writing, would be rendered meaningless.
Our interpretation of the statutes is consistent with the ruling in McDowell v. School Board of Suwannee County, 365 So.2d 454 (Fla. 1st DCA 1978), that under the statutes, "a nominee for a continuing contract, as opposed to an annual contract, has an earned status ... ." (emphasis supplied) In McDowell, the error of the Board in failing to find "good cause" (under Section 230.23(5)(c), Florida Statutes) for rejection of the Superintendent's nomination of a teacher for a fourth year continuing contract required that the teacher be furnished a statement of the reasons for her rejection, and be afforded a hearing. This case requires a different remedy, for here appellant not only had an "earned status" under the statutes, she was in fact retained by the School Board for her fourth year; and the action of the Board in re-employing her, without specification of any reason why she did not meet the desired standards (under Section 231.351, Florida Statutes), is tantamount to acceptance of her performance and professional competence as a teacher.
While it is true that no written continuing contract was actually tendered to appellant for her fourth year, contracts were customarily submitted by the Board late in the school year, and it so happened that appellant was granted maternity leave in November, 1974, before her contract for *1028 that year was presented to her. That she was employed for the fourth year, however, is not disputed; and the fact that this was not attended by the formality of a signed document is not a circumstance that may be visited upon appellant to deny her statutory continuing contract rights. As between the two parties, the burden of preparing and presenting a written contract clearly falls upon the School Board, not appellant, under Section 230.23(5)(e), Florida Statutes. The familiar equitable maxim, "Equity regards that as done which ought to have been done," has persuasive force under the circumstances presented here.
In order to retain appellant on an annual contract for her fourth year, the Board, upon the recommendation of the Superintendent, was required to find "by a majority vote" that she did not meet the criteria for a continuing contract. This the Board clearly did not do, and we reject any notion that a School Board may retain an eligible teacher "in limbo" during a fourth year of service by simply failing to comply with these statutory directives. Consequently, we hold that appellant must be held to have met all requirements for a continuing contract for the 1974-75 school year, and the recommendation for her employment by the School Superintendent, and its acceptance by the Board, must be considered as resulting in a continuing, not an annual contract.
Appellee contends, however, that appellant abandoned her job by failing to report for work during the 1975-76 school year, citing Hart v. School Board of Wakulla County, 340 So.2d 121 (Fla. 1st DCA 1976). The Hart case held that a teacher, who had submitted his written resignation to his principal, had the right to withdraw his resignation at any time prior to acceptance by the School Board, based upon the fundamental premise that a teacher's contract is with the School Board, not with the principal. Appellee argues, using this ruling, that appellant's principal, Mr. Johnson, had no authority to extend her leave, which had been granted through June 4, 1975, so as to excuse her absence during the 1975-76 school year. Her absence, according to appellee, could only be approved by the School Board. Consequently, appellee argues, appellant's failure to appear for her teaching job in the fall of 1975, and her absence for the remainder of the year, constituted an abandonment of her teaching position.
We do not find the Hart decision applicable to the facts of this case. The facts here are that during the summer of 1975 appellant discussed with her principal, Johnson, her inclination to apply for an additional year of leave. Two or three days later, before submitting any leave request forms, she informed the principal that she had changed her mind and instead intended to return to her teaching job for the year 1975-76. The principal, however, advised her that based upon her announced intention, he had in the interim hired someone else to take her position. Appellant maintained her efforts to return to her employment, and at the beginning of the 1975-76 school term, when she again requested her teaching position, she was advised by her principal that he would try to find another position for her. A few months later, her principal called to advise her of a possible opening, but the expected vacancy did not occur. Throughout the 1975-76 year, appellant remained ready, willing and able to return to her teaching job. However, in the fall of 1976, she was forced by the necessity of earning a livelihood to accompany her husband to another state where he had obtained employment. In November 1976, only two months after her departure from Florida, her principal assigned her to a teaching position, and she returned to Liberty County where she resumed her teaching job.
The facts do not support appellee's contention that appellant "abandoned" her teaching position, or that she waived or is somehow estopped to claim the benefit of the statutes providing for continuing contract status. At all times from the date of expiration of her formally approved maternity leave (June, 1975), she remained ready, willing and able to return to her teaching job. Her conversation with her principal, in *1029 which she indicated her inclination to have her leave extended, was promptly followed by her withdrawal of that request. For reasons already stated, she cannot be held to have "resigned" her position. Appellee argues, however, that she abandoned her job by failing to report for work in the fall of 1975. We agree that the more prudent course of action on her part would have been to confront the School Board at that time, and to demand her position. That she did not, no doubt out of consideration for embarrassment to her principal that would have resulted, shows only a preference for cooperation and peaceful solutions, rather than abandonment of her position. She testified that she visited the principal either in late August or early September, 1975, explaining to him that while she did not want to force the issue, by a lawsuit in a small community, she would appreciate being given the first teaching position available. There is no merit to appellee's contention that appellant may be faulted for failing to report for work in August, 1975. She had been advised by her principal that no position was available, and the Board took no action against her for failing to demand a job. If she had been considered in default in any manner, the Board should have taken some action against her at that time to dismiss her, and to terminate her continuing contract rights in the manner provided by statute, Section 231.36. Subsection (4) of the statute provides for dismissal of a teacher on continuing contract for "good and sufficient reasons" after notice and a hearing on the charges. As this court has previously noted, this statute is in effect a penal statute, which must be strictly construed, and any ambiguities must be construed in favor of the employee. School Board of Pinellas County v. Noble, 384 So.2d 205 (Fla. 1st DCA 1980). It is obvious that no action was taken against appellant because none was warranted, either under subsection (4), or subsection (6), which provides specific grounds for dismissal. We note also that Section 231.44 provides specifically for cancellation of a teacher's contract for "absence without leave." No action was taken by the Board under this statute and it is now simply too late for any such action.
Appellee further maintains that appellant's contract status was changed when she was rehired in November, 1976. At that time she signed a contract for the 1976-77 school year providing for her employment on an annual basis. When she inquired of her principal why she, a continuing contract teacher, was being asked to sign an annual contract, her principal explained only that it was "customary". At the end of the 1976-77 year the School Superintendent recommended and the Board approved her continued employment, and she was then retained for the 1977-78 school year. However, during the term when she was tendered an annual contract for that year, she refused to sign it, and in early December, 1977, sought clarification from the Board. The Board took no action notwithstanding her claim, supported by the written request of her principal, that she had previously been granted continuing contract rights. At the end of the 1977-78 school year, although her principal recommended that she be re-employed, she was discharged by the School Board.
We agree with appellant that her status was not changed by the signing of an annual contract, notwithstanding the language purporting to limit her right to claim a continuing contract. Clause 9 of the 1976-77 contract provided:
The teacher understands that unless and until she shall receive a continuing contract under and by virtue of the provisions of Section 231.36, Florida Statutes, she shall have probationary status and no legal cause shall be required of the School Board in the event that the teacher is not re-employed by the School Board after 6-30, 1977.
In McDowell, supra, this court held that the annual contract signed by the teacher in that case did not waive or otherwise relieve the Board of its statutory obligations with respect to re-employment of teachers. Although different facts and statutory provisions were involved in McDowell, we apply the same principle here. A teacher whose *1030 right to a continuing contract has vested may not be deprived of the benefits of that statutorily mandated status by the device of obtaining the teacher's signature on an annual contract. See State v. Board of Public Instruction of Palm Beach County, 105 So.2d 511 (Fla. 2nd DCA 1958). Section 231.36(3)(e) further protects the teacher by providing:
(e) Each person to whom a continuing contract has been issued as provided herein shall be entitled to continue in his position or in a similar position in the district at the salary schedule authorized by the School Board without the necessity for annual nomination or reappointment until such time as the position is discontinued, the person resigns, or his contractual status is changed as provided below.
Appellant's position was not discontinued, she did not resign, and her "contractual status" was not changed in a manner prescribed by the statutes. After the fourth year, a change in contractual status from continuing to annual must be accomplished by the procedures spelled out in the statute, which require notice of charges and a hearing. As already observed, these statutes, being penal in nature, must be strictly complied with. School Board of Pinellas County v. Noble, supra. Since no effort was made to dismiss appellant or terminate her continuing contract rights in the manner prescribed by statute, her discharge was improper, and she is entitled to reinstatement.
We find no merit in appellee's contention that the relief sought by appellant is barred by the statute of limitations, Sections 95.11(4)(c), (5)(a). However, we agree that appellant must be considered to have acquiesced in loss of pay for the 1975-76 school year, and until her re-employment in November 16, 1976, by reason of her failure to make demand to the School Board for employment.
REVERSED and REMANDED for the entry of an order reinstating appellant to her teaching position, reimbursement of lost salary from the beginning of the school year 1978-79, and payment of expenses of this proceeding.
ROBERT P. SMITH, Jr., and WENTWORTH, JJ., concur.