408 So.2d 653 (1981)
Barbara O. FOREMAN, Appellant,
v.
COLUMBIA COUNTY SCHOOL BOARD, Appellee.
No. TT-353.
District Court of Appeal of Florida, First District.
December 29, 1981.
Martin L. Black, Lake City, for appellant.
Michael Murphy, Lake City, for appellee.
WENTWORTH, Judge.
Appellant, a teacher for fourteen years in the Columbia County School System holding a continuing teacher's contract, was recommended by the superintendent of schools to fill a newly created administrative position of director of secondary education. The Columbia County School Board abolished the position prior to acting on the superintendent's written recommendation. The superintendent of schools then recommended appellant for the position of assistant principal at Columbia High School. The school board tabled that recommendation without acting on it. Appellant filed a request with the Columbia County School Board for a hearing pursuant to Florida Statutes § 120.57 to determine whether good cause existed for the action taken by the board with regard to the two positions for which appellant had been recommended. The board denied appellant's request for a hearing. In this timely appeal, appellant argues it was improper for the school board to deny her a hearing. We agree and reverse.
A school board is statutorily required to exercise the powers and perform the duties listed in Florida Statutes § 230.23. One of those requirements is that the school board must "act on the written recommendations submitted by the superintendent of persons to act as administrative, supervisory ... *654 and all other non-instructional personnel and appoint persons to fill such positions." Section 230.23(5)(b), Florida Statutes. The term "act on the written recommendations" is defined in the statute as requiring the school board to consider the recommendations or nominations of the superintendent submitted as prescribed by law and prohibiting the school board from rejecting such recommendations or nominations except for good cause.
Appellee refers to language in McDowell v. School Board of Suwannee County, 365 So.2d 454 (Fla. 1st DCA 1978), distinguishing the earned status of nominees for continuing contracts from annual contract nominees, to support its contention that a nominee for an annual contract has no right to a statement of good cause for the board's rejection of the nomination. Appellee's position is clearly not supported by the McDowell decision that nominees for continuing contracts are entitled to a hearing. We find it unnecessary to consider the validity of the further McDowell inference, by dictum, that a nominee for an annual contract instructional position may not be so entitled, since we are here concerned only with non-instructional nominations. Cf., Section 231.36, Florida Statutes.
In the present case, we are compelled to give effect to the clear mandate of § 230.23(5)(b) that appellant be given a statement of good cause for the board's failure to appoint her to the positions she had been recommended to fill. The right to request a hearing and respond is incident to appellant's right to be informed of the reasons for the board's failure to appoint her to those positions. McDowell, supra.
Appellee argues that even if appellant is entitled to a hearing, the proceeding need only be an informal hearing under § 120.57(2) rather than a formal proceeding under § 120.57(1), Florida Statutes. A formal hearing under § 120.57(1) is required, absent waiver, when disputed issues of certain material facts must be resolved and the substantial interest of a party will be determined. Chestnut v. School Board of Hillsborough County, 378 So.2d 1237 (Fla. 2nd DCA 1979); Bowling v. Department of Insurance, 394 So.2d 165, 174 n. 17 (Fla. 1st DCA 1981). Section 120.57(2) proceedings may in other circumstances be appropriate. Graham Contracting v. Department of General Services, 363 So.2d 810, 815 (Fla. 1st DCA 1978); United States Service Industries v. Department of Health and Rehabilitative Services, 383 So.2d 728 (Fla. 1st DCA 1980); and United States Service Industries v. Department of Health and Rehabilitative Services, 385 So.2d 1147, 1149 (Fla. 1st DCA 1980).
Accordingly, the order below denying appellant's request for a hearing is reversed and this cause is remanded for action consistent with this opinion.
REVERSED and REMANDED.
ERVIN and SHAW, JJ., concur.