DOUCET, Judge.
This is an appeal from a directed verdict in favor of the defendant dismissing plaintiffs claims for damages in a medical malpractice suit.
On March 6, 1984, at approximately 3:00 a.m., plaintiff, Silton J. Sanders, Jr., was hit in the head near the left ear. The next day he went to Huey P. Long Memorial Hospital (Pineville Charity Hospital) Emergency Room complaining of ringing in his left ear, dizziness, and reduced hearing capacity. Mr. Sanders also complained of a “headache all over.” He denied having any visual problems. The examination revealed a small nodule in the occipital area or back part of the head. The diagnosis was a “torn ear drum.” He was given an antihistamine and a painkiller. He was also given prescriptions for an antibiotic and a painkiller. X-rays were taken and the “radiologist report” states that the skull was normal. Mr. Sanders returned to Pineville Charity Hospital a month later, on April 10, 1984, complaining of ringing in his ear and dizziness. His examination showed retraction of the left ear drum. The diagnosis was inflammation of the labyrinth (internal ear passages) and he was treated with and received prescriptions for an antihistamine and ephedrine. On August 9, 1984, Mr. Sanders was evaluated at Charity Hospital of Louisiana at New Orleans (N.O. Charity Hospital) in the Ear, Nose, and Throat Clinic (ENT Clinic). A comprehensive hearing test showed a severe nerve type of hearing loss in all frequency ranges in the left ear. The diagnosis was decreased hearing and tinnitus secondary to trauma. On December 14, 1984, Mr. Sanders was admitted to N.O. Charity Hospital complaining of incapacitating vertigo. He was examined by Dr. Jacob, an ENT specialist. He underwent a C.T. scan for the purpose of eliminating the possibility of an acoustic neuroma. The C.T. scan revealed no sign of an acoustic neuroma. The “radiologist report” also stated in part that “no definite fracture is seen in the temporal bones in the limited scan obtained.” Mr. Sanders’s pre-operative diagnosis was “post cochlear concussion with persistent vertigo in a dead ear.” Mr. Sanders underwent a labyrinthectomy on December 19, 1984, which was performed by Dr. Jacob. On March 19, 1985, Mr. Sanders returned to the ENT Clinic at N.O. Charity Hospital complaining of persistent vertigo. The examining physician’s impression was that Mr. Sanders’s left ear showed signs of residual labyrinthine function. On April 9, 1985, Mr. Sanders was seen by Dr. Jacob at the ENT Clinic. Dr. Jacob recommended a transmas-toid eighth nerve section. Mr. Sanders did not return for his April 30,1985 appointment.
On March 4, 1987, plaintiff filed suit against the State of Louisiana, through the Department of Health and Hospitals, and against Dr. Jacob, a State hospital employee. A trial on the merits was held on December 10, 1992. At the close of the plaintiffs case, the State of Louisiana moved for a directed verdict dismissing plaintiffs claims. The State argued that the plaintiff had not proven malpractice as required under La.R.S. 9:2794 and had not proven a causal connection between the treatment received and plaintiffs damages. The trial judge, in its oral reasons for granting the motion for directed verdict, tracked the reasons put forth by the defendant. The plaintiff appeals.
Plaintiff argues the trial court erred in dismissing his claims against the State. On appeal, plaintiff claims Dr. Jacob was erroneously designated as the party accused of malpractice and has been dismissed as a party defendant in the suit. Plaintiff asserts the deposition testimony of Dr. Jacob shows the malpractice was committed by Pineville Charity Hospital in failing to follow proper procedures in their diagnosis and treatment of him.
At trial, defendant moved for a directed verdict. This motion more properly should have been styled a motion for involuntary dismissal. Although these motions have different standards of proof, the dismissal was properly granted.
*564 Unlike a motion for a directed verdict in a jury trial, LSA-C.C.P. Art. 1672(B) requires a judge to evaluate all the evidence and render a decision based upon a preponderance of the evidence without any special inferences in favor of the opponent to the motion. See Caldwell v. Texas Industries, Inc., 419 So.2d 86 (La.App. 2d Cir.1982) writ denied 423 So.2d 1149 (La. 1982); Gleason v. City of Shreveport, 393 So.2d 827 (La.App. 2d Cir.1981) writ denied 397 So.2d 806 (La.1981); Sevin v. Shape Spa for Health & Beauty, 384 So.2d 1011 (La.App. 4th Cir.1980). Proof by a preponderance of the evidence simply means that taking the evidence as a whole, such proof shows that the fact or cause sought to be proved is more probable than not. Moreno’s Inc. v. Lake Charles Catholic High Schools, Inc., 315 So.2d 660 (La. 1975); Gleason v. City of Shreveport, supra.
Fuller v. Wal-Mart Stores, Inc., 519 So.2d 366, 369 (La.App. 2 Cir.1988), appeal after remand on other grounds, 577 So.2d 792 (La.App. 2 Cir.1991).
An appellate court should not reverse an involuntary dismissal based on LSA C.C.P. art. 1672(B) in the absence of manifest error. Shafer v. State, Department of Transportation and Development, 590 So.2d 639 (La. App. 3 Cir.1991); Smith v. Vernon Parish School Bd., 442 So.2d 1319 (La.App. 3 Cir. 1983), writ denied, 445 So.2d 451 (La.1984).
The burden with regard to hospitals and their employees in a medical malpractice action is aptly stated in Godeaux v. Rayne Branch Hospital, 606 So.2d 948 (La.App. 3 Cir.1992), as follows:
A hospital must exercise the requisite amount of care toward a patient that his or her particular condition may require. Hunt v. Bogalusa Community Medical Center, 303 So.2d 745 (La.1974). The measure of adequate and acceptable medical care owed the patient by each hospital employee is that established by other institutions throughout the area. Matranga v. Sarv Mayo Hosp., supra [463 So.2d 632 (La.App. 4th Cir.1984) ]. Garrison v. Hotel Dieu, 319 So.2d 557 (La.App. 4th Cir. 1975), writ denied, 323 So.2d 129 (La.1975). To establish malpractice, a plaintiff must prove by a preponderance of the evidence that one or more hospital employees performed in a substandard way so as to violate this customarily accepted standard of hospital care. Hunt v. Bogalusa Community Medical Center, supra; Mariano v. Tanner, 497 So.2d 1066 (La.App. 5th Cir.1986).
Coleman v. Touro Infirmary of New Orleans, 506 So.2d 571, 575-576 (La.App. 4th Cir.), writ denied, 507 So.2d 1247, 507 So.2d 1248 (La.1987).
Supra at 949, 950.
After a review of the record, we find there is no evidence, either in the hospital records or in the testimony of Dr. Jacob, the only expert to testify, that indicates that there were any negligent acts or omissions which would support a malpractice claim against Pineville Charity Hospital. Plaintiffs arguments are, for the most part, based on the hospital’s alleged failure to discover a skull fracture and thus, its failure to properly treat Mr. Sanders. He asserts Dr. Jacob found a temporal bone fracture in his examination of an X-ray taken at Pineville Charity. Our review of Dr. Jacob’s deposition, read in its entirety, and N.O. Charity Hospital’s medical records, do not indicate Dr. Jacob found the plaintiffs skull was fractured.
After having reviewed the record in its entirety, we find the plaintiff failed to establish his case by a preponderance of the evidence. Having arrived at this conclusion, we find that the trial court correctly dismissed the plaintiffs case.
The plaintiff claims the trial court entered a dismissal against the wrong defendant in this suit. Plaintiff asserts Dr. Jacob was erroneously designated as the party accused of malpractice. In his oral reasons for judgment, the trial judge found there was no evidence to show any malpractice on the part of the Department of Health and Human Resources or Dr. Jacob. The record in this case does not show Dr. Jacob was dismissed. The March 3,1993 judgment was rendered in favor of The State of Louisiana, through the Department of Health and Hospitals, formerly the Department of Health and Human Resources.”
*565 The trial court’s judgment dismissing plaintiffs claims against the State was proper. Plaintiffs argument is without merit.
Plaintiff claims the case should be remanded to the trial court in order that he may file into the record a report from the Social Security Administration concerning the plaintiffs disability determination and to complete the trial in this matter. Plaintiff does not cite any law in brief in support of this contention. We find no basis for a remand.
For the foregoing reasons, the judgment of the trial court is affirmed at plaintiffs cost.
AFFIRMED.