670 So.2d 373 (1996)
Ronald JOHNSON, Plaintiff-Appellant,
v.
VERNON PARISH SCHOOL BOARD, Defendant-Appellee.
No. 95-1076.
Court of Appeal of Louisiana, Third Circuit.
January 31, 1996.
*374 Brian D. Cespiva, Alexandria, for Ronald Johnson.
DeWitt T. Methvin Jr., Alexandria, for Vernon Parish School Board.
Before COOKS, PETERS and GREMILLION, JJ.
GREMILLION, Judge.
This appeal arises from a suit filed by Ronald Johnson against his former employer, the Vernon Parish School Board, for its alleged breach of the teaching contract between the School Board and him. At the trial on the merits, and after the presentation of Johnson's case, the trial court granted the School Board's motion for an involuntary dismissal of the suit. Johnson appeals this ruling. After reviewing the record, we affirm.

FACTS
Johnson, a tenured teacher at Hicks High School, began having problems with a student, Chad Roy, during the 1990-1991 school year. The problems began after Johnson refused a request by Chad's father, Ron Roy, to change Chad's math grade. A short time thereafter, Chad began to harass and abuse Johnson by running into him, hitting him on the arm, disrupting class, and putting chalk dust on him. Johnson was allergic to chalk dust. Johnson approached his principal, Dale Hardwick, and an assistant superintendent, Larry Monk, several times about this problem. Each time the problem was discussed, Hardwick would inform Johnson that he would talk to Chad, and Monk responded that he would call Hardwick.
On March 11, 1991, the situation came to a head when Johnson caught Chad trying to put chalk dust on him during class. Johnson grabbed Chad by the neck, pushed him back against the chalk board, and told him never to touch him again. As a result of this incident, Roy threatened criminal charges against Johnson, and Monk temporarily suspended him until the situation could be investigated.
On March 20, 1991, Monk called Johnson to his office and told him that Roy was threatening to file criminal charges against him, but if he agreed to resign, Roy would not press charges. Monk further informed Johnson that the School Board would not support him, since the incident in question occurred in full view of his class. He told Johnson that if he refused to resign the School Board would fire him. Johnson agreed to resign, because he wanted to continue teaching and he was afraid that if he was fired, no other school board would hire him. He wrote out his resignation and gave it to Monk.

OPINION
In a bench trial, a defendant may, after the plaintiff has presented his case in chief, move for a dismissal of the plaintiff's action against him on the ground that upon the facts and law, the plaintiff has shown no right to relief. La.Code Civ.P. art. 1672(B). This motion requires a trial court to evaluate *375 all evidence, but not in a light most favorable to the plaintiff as required by a motion for a directed verdict in a jury trial. Rather, the trial court reviews the evidence without any special inference favorable to the party opposed to the motion. Sanders v. Dept. Of Health, 93-977 (La.App. 3 Cir. 4/6/94); 635 So.2d 562, Morgan v. City of New Orleans, 94-0874 (La.App. 4 Cir. 12/15/94); 647 So.2d 1308, writ denied, 95-0150 (La. 3/30/95); 651 So.2d 859. If the trial court determines that the plaintiff has failed to prove his case by a preponderance of the evidence, the motion for dismissal is granted. A dismissal granted under La.Code Civ.P. art. 1672(B) should not be reversed in the absence of manifest error. Shafer v. State, Through DOTD, 590 So.2d 639 (La.App. 3 Cir.1991).
On appeal, Johnson has presented only one assignment of error. He alleges that the trial court erred by failing to find that he established a prima facie case against the School Board, in that it breached the contractual duty it owed him to provide him with disciplinary assistance and support. In his oral reasons for granting the dismissal, the trial judge stated:
In short, what I find is that Mr. Johnson resigned. I'm inclined to the view that his resignation was ill advised, that he should have consulted a lawyer. He should not have resigned. But, he resigned, he says that he put his reasons down in his own words. And, that he simply resigned. Under those circumstances, I simply do not believe that it has been shown that there has been any breach of a contract.
Johnson testified that after he started having problems with Chad he spoke to Hardwick many times about the situation. He sent Chad to the principal's office numerous times for fighting or for disrupting class by whistling or moving about. Chad later started picking on a female student in class, and Johnson spoke to Hardwick several times about that problem. He also told Hardwick about Chad putting chalk dust on him during class. Johnson said that Hardwick only responded by speaking to Chad about his behavior. Chad was paddled once for fighting and once for having snuff on a school trip, but was never suspended. Johnson testified that his problems with Chad continued as a result of Hardwick's failure to discipline him. Johnson went to the School Board for help with this problem. He testified he saw Monk five times, but Monk only offered to call Hardwick and discuss the problem with him.
Johnson's teaching contract, signed on May 17, 1990, lists the rights that a teacher has:
1) The best working conditions that sound management can supply.
2) The availability of needed materials and equipment that sound management can justify both as to use and the districts ability to supply.
3) Consideration for all suggestions for the improvement of working conditions and general organization.
Johnson was also provided with a copy of the School Board's grievance policy. This policy set forth the procedures an employee of the School Board should follow when they had a claim or dispute. The procedure required an employee to present his grievance, in writing, to his immediate supervisor within a certain time period, with appeals to the next ranking administrative officer, then the superintendent, and finally the School Board. Johnson said that he was familiar with this policy, however, he admitted that he usually spoke with Hardwick or Monk instead of presenting a written grievance. Johnson further said that he was somewhat familiar with the teacher tenure law, he knew that it would protect him.
Article 1983 of the Louisiana Civil Code provides that "[c]ontracts have the effect of law for the parties and may be dissolved only through the consent of the parties or on grounds provided by law. Contracts must be performed in good faith."
In State ex rel. DeBarge v. Cameron Parish School Board, 202 So.2d 34, 37 (La.App. 3 Cir.), writ refused, 251 La. 386, 204 So.2d 572 (La.1967), the court, adopting the reasons of the trial court, stated:
According to 78 C.J.S., Schools and School Districts, Section 206, "A teacher's contract of employment may be terminated by his resignation, but the resignation, in order *376 to be effective, must be offered by the teacher with intent to terminate his employment, to the board or officer having power to accept, acting as a board."
78 C.J.S. Schools and School Districts § 206 (1952) was revised in 1995. The new § 252, which was published in 1995, further states:
Even after acceptance, a resignation will not operate as such if induced by fraud or duress, but a resignation is not rendered involuntary by the fact that it was given to avoid proceedings for dismissal, or at the suggestion of school officials, or as the result of a mere request to resign by the board, or because of the abolition of a position.
In the case at hand, there was no breach of contract by the School Board. Johnson resigned, at the suggestion of Monk, to avoid the dismissal process and its possible consequences, as well as the prospect of facing criminal charges. Johnson did not follow the School Board's grievance procedure. He did not allow the School Board an opportunity to meet his demands for more discipline and a safer place to work. Instead, realizing that he overreacted to Chad's misconduct, and as a result he might be facing dismissal proceedings and criminal charges, he resigned. He resigned after talking to Monk, because he reasoned that if he was fired from his position he would be unable to find another teaching job. In his letter of resignation, Johnson said:
Due to the fact that I was harassed by a student until I, through instinctive behavior (sic), acted in an unacceptable physical manner. Being that it happened in front of my students I feel that my influence as a teacher has (sic) become ineffective, so therefore I resign my position.
After reviewing the record, we find that there was no breach of contract by the School Board. The contract between Johnson and the School Board was terminated when Johnson voluntarily resigned from his position. Finding no reversible error, we affirm the trial court's dismissal of Johnson's action.
The School Board also raised the issue of whether Johnson's action was barred by equitable estoppel or laches, but since we have affirmed the trial court's dismissal of his action, we will not address the issue.
The judgment of the trial court is affirmed an the costs of this appeal are taxed against the plaintiff-appellant, Ronald Johnson.
AFFIRMED.