982 So.2d 1237 (2008)
Austin O. HOLLIS, Jr., Appellant,
v.
DEPARTMENT OF BUSINESS AND PROFESSIONAL, etc., Appellee.
No. 5D07-1335.
District Court of Appeal of Florida, Fifth District.
May 30, 2008.
*1238 Steven W. Johnson, Orlando, for Appellant.
Jennifer A. Tschetter, Tallahassee, for Appellee.
ORFINGER, J.
Austin O. Hollis, Jr., a state certified residential real estate appraiser, appeals a final order of the Florida Real Estate Appraisal Board ("the Board"),[1] placing him on probation for one year and imposing an administrative fine of $500. Mr. Hollis contends that the Board erred by finding that he waived his right to a formal administrative hearing. We agree and reverse.
The Department of Business and Professional Regulation, Division of Real Estate ("the Department") filed an administrative complaint against Mr. Hollis, which was served on him by certified mail on January 20, 2006. The administrative complaint contained an explanation of rights in bold type that read:
PLEASE BE FURTHER ADVISED that if you do not file an Election of Rights form or some other responsive pleading with the Petitioner within twenty-one (21) days of receipt of this Administrative Complaint, the Petitioner will file with the Florida Real Estate Appraisal Board a motion requesting an informal hearing and entry of an appropriate Final Order which may result in the suspension or revocation of your real estate license or registration.
(Emphasis in original).
On January 30, 2006, Mr. Hollis responded to the Department, writing:
I have received your Administrative Complaint which charges me with alleged violations of the license law. I would like to respond to these erroneous charges as I dispute the allegations of fact. However, I will need at least 30 more days to finish my evidence gathering and request a 30-day delay.
(Emphasis added). The Department agreed to extend the time for Mr. Hollis to file a more detailed response to March 7, 2006. Mr. Hollis's detailed response was received by the Department on March 13, 2006, six days after the agreed upon extension. The parties then engaged in discovery until January 2007, when the Department requested that the Board set the matter for an informal hearing. Mr. Hollis objected to an informal hearing, contending that his earlier responses to the administrative complaint made clear that he disputed the Department's factual allegations and that he wanted a formal hearing. The Board granted the Department's request for an informal hearing over Mr. Hollis's objection.
While Mr. Hollis's January 30, 2006, letter, submitted prior to obtaining counsel, was not a model of clarity, it sufficiently put the Department on notice that he disputed the charges and wished to have a hearing. Mr. Hollis's position and his vehement dispute with the Department's allegations was made even more clear when he filed his more detailed response on March 13, 2007, some six days beyond the Department's agreed upon extension. We *1239 are not concerned with the effect of the March 13 answer, which the Department contends was late, because Mr. Hollis's January 30, 2006, letter, disputing the allegations, was sufficient to require the Board to have the matter set for a formal administrative hearing.[2] Accordingly, we reverse the Board's final order and remand the matter with directions that the administrative complaint be set for a formal hearing.
REVERSED and REMANDED.
GRIFFIN and EVANDER, JJ., concur.
NOTES
[1] The Florida Real Estate Appraisal Board is the administrative body charged with the regulation and licensure of real estate appraisers pursuant to Chapter 475, Part II, Florida Statutes.
[2] Section 455.225(5), Florida Statutes (2006), provides in relevant part, "If any party raises an issue of disputed fact during an informal hearing, the hearing shall be terminated and a formal hearing pursuant to chapter 120 shall be held." The record before us clearly demonstrates issues of disputed fact were expressed during the informal hearing. As required by the statute, the Department erred by not convening a formal hearing. See Mixon v. Dep't of State, Div. of Licensing, 686 So.2d 755, 756 (Fla. 1st DCA 1997).