PER CURIAM.
National States Insurance Company, Inc., appeals a final order of the Office of Insurance Regulation (OIR), appellee, which dismisses with prejudice National States’ amended petition seeking a formal administrative hearing under section 120.57(1), Florida Statutes (2005). Because we conclude that the OIR abused its discretion in not granting National States leave to amend its petition, we reverse and remand for further proceedings.
OIR notified National States that it had not submitted its annual rate certification filing for certain long-term care insurance policies as required under section 627.410(7)(a), Florida Statutes (2005), and, pursuant to section 627.410(7)(e), ordered National States to cease selling those insurance policies until the OIR determined that the required filing has been properly submitted. In response, National States submitted its rate filing and filed a petition seeking a formal administrative hearing under section 120.57(1) contesting the OIR’s order to discontinue the issuance of new policies. OIR dismissed the petition with leave to amend pursuant to section 120.569(2)(c)[1] on the grounds that the petition failed to allege the specific facts supporting National States’ claim as required *109 by rule 28-106.201, Florida Administrative Code.[2] OIR also returned the rate filing on the ground that it was incomplete. National States then filed an amended petition seeking an administrative hearing contesting both the order to discontinue issuance of new policies and the OIR’s action in returning the rate filing, arguing that OIR should have allowed National States to submit additional information required in the filing rather than returning it. OIR entered a final order dismissing the amended petition with prejudice pursuant to section 120.569(2)(c), ruling that “National States has again failed to include in its Amended Petition any specific facts National States contends warrants reversal or modification of the [OIR’s] Order.” National States appeals this final order.
OIR did not commit error by dismissing National States’ petitions under the authority of section 120.569(2)(e). Although the applicable statute and rules do not reflect any specific form for the petition, see, e.g., Hollis v. Department of Business and Professional Regulation, 982 So.2d 1237 (Fla. 5th DCA 2008), neither petition filed by National States included a statement of the material facts in dispute as required by rule 28-106.201, Florida Administrative Code, sufficient to place OIR on notice as to the disputed issues of fact. Hollis. As such, the agency was acting within its statutory authority to dismiss the petitions for failure to substantially comply with the statutory requirements regulating petitions for administrative hearing.
Even though National States failed to plead specific facts in its amended petition, the agency abused its discretion in not allowing National States to further amend its petition. See Brookwood Extended Care Center of Homestead, LLP v. Agency for Healthcare Admin., 870 So.2d 834 (Fla. 3d DCA 2003)(holding that, where the petition was dismissed for failing to be in substantial compliance with the statutory requirements, the petitioning party was nevertheless entitled to an additional opportunity to amend the petition in order to comply with the rules of the Florida Administrative Code). Under section 120.569(2)(c), agencies are required to allow petitioners to file timely “at least” one amended petition “unless it conclusively appears from the face of the petition that the defect cannot be cured.” Further, agencies have the discretion to allow additional amendments to enable a petitioner to proceed to a formal hearing under sec *110 tion 120.57(1).[3] Here, it is not apparent from the face of the amended petition that the pleading defects cannot be cured. The fact that National States submitted its rate filing untimely does not constitute a defect in the petition. In addition, the amended petition raised new issues which arose after the filing of the original petition and National States has represented that it can allege specific disputed facts to support an amended petition for a formal hearing. Accordingly, we hold that OIR abused its discretion in denying National States further opportunities to amend its petition for administrative hearing.
REVERSED and REMANDED for proceedings consistent with this opinion.
DAVIS, VAN NORTWICK, and POLSTON, JJ., concur.

. Section 120.569(2)(c), Florida Statutes (2005), provides in pertinent part:
Unless otherwise provided by law, a petition or request for hearing shall include those items required by the uniform rules adopted pursuant to s. 120.54(5)(b) 4. Upon the receipt of a petition or request for hearing, the agency shall carefully review the *109 petition to determine if it contains all of the required information. A petition shall be dismissed if it is not in substantial compliance with these requirements or it has been untimely filed. Dismissal of a petition shall, at least once, be without prejudice to petitioner’s filing a timely amended petition curing the defect, unless it conclusively appears from the face of the petition that the defect cannot be cured. The agency shall promptly give written notice to all parties of the action taken on the petition, shall state with particularity its reasons if the petition is not granted, and shall state the deadline for filing an amended petition if applicable.

. Subsection (2) of rule 28-106.201, Florida Administrative Code, provides in pertinent part:
(2) All petitions filed under these rules shall contain: ...
(d) A statement of all disputed issues of material fact. If there are none, the petition must so indicate;
(e) A concise statement of the ultimate facts alleged, including the specific facts the petitioner contends warrant reversal or modification of the agency’s proposed action;
(£) A statement of the specific rules or statutes the petitioner contends require reversal or modification of the agency’s proposed action;....

. The interplay between a formal hearing under section 120.57(1) and an informal hearing under section 120.57(2) has been explained in Meller v. Florida Real Estate Commission, 902 So.2d 325, 327 (Fla. 5th DCA 2005), as follows:
If the agency's action will determine the substantial interests of a party and there are disputed issues of material fact, a party is entitled to a formal proceeding under section 120.57(1). See § 120.569(1), Fla. Stat. (2003); Spuza v. Department of Health, 838 So.2d 676 (Fla. 2d DCA 2003); Buchheit v. Department of Bus. & Prof'l Regulation, Div. of Fla. Land Sales, Condos. & Mobile Homes, 659 So.2d 1220 (Fla. 4th DCA 1995); Foreman v. Columbia County Sch. Bd., 408 So.2d 653 (Fla. 1st DCA 1981). A person may waive the right to a section 120.57(1) hearing by electing an informal hearing under section 120.57(2). § 120.569(1), Fla. Stat. (2003); Fabry v. Department of Health & Rehabilitative Servs., 703 So.2d 502 (Fla. 5th DCA 1997). Absent a waiver, an informal proceeding under section 120.57(2) is appropriate when the substantial interests of a party are determined but no material facts are in dispute. § 120.569(1), Fla. Stat. (2003); see also Weiss v. Department of Bus. & Prof'l Regulation, 677 So.2d 98, 99 (Fla. 5th DCA 1996) C‘[W]hen no material facts are in dispute, an agency is not required to hold a formal hearing.”) However, if it becomes apparent during the course of an informal hearing under section 120.57(2) that material facts are in dispute, a formal hearing should be convened, and evidence that may have been obtained during the informal hearing may be considered in the formal proceeding.
See also Mixon v. Dep’t of State, Div. of Licensing, 686 So.2d 755, 756 (Fla. 1st DCA 1997); Goodson v. Fla. Dep't of Bus. & Pro’l Regulation, 978 So.2d 195, 196 (Fla. 1st DCA 2008) (To preserve for appeal the failure of an agency to convene a formal hearing, a party must "request that the informal hearing be terminated ... or otherwise object to the continuation of the [section 120.57(2) ] proceeding.”).