463 So.2d 278 (1984)
VILLAGE SALOON, INC., d/b/a Village Saloon, Appellant,
v.
DIVISION OF ALCOHOLIC BEVERAGES AND TOBACCO, DEPARTMENT OF BUSINESS REGULATION, Appellee.
P.S.R. INVESTMENTS, INC., d/b/a Scottish Inn, Appellant,
v.
DIVISION OF ALCOHOLIC BEVERAGES AND TOBACCO, DEPARTMENT OF BUSINESS REGULATION, Appellee.
Nos. AY-335, AY-336.
District Court of Appeal of Florida, First District.
December 3, 1984.
Rehearing Denied January 29, 1985.
*279 Larry Smith and Daniel O. Palmer of Smith & Palmer, Orange Park, for appellants.
Thomas A. Klein, Staff Atty., Dept. of Business Regulation, Tallahassee, for appellee.
ZEHMER, Judge.
Each of the appellants holds an alcoholic beverages license issued under chapter 561, Florida Statutes, and operates a lounge in the town of Orange Park, Florida. They appeal final orders of the Department of Business Regulation, Division of Alcoholic Beverages and Tobacco, assessing them with a civil penalty for selling alcoholic beverages after the legal hours of sale permitted by section 562.14, Florida Statutes. The two cases involve identical legal issues; therefore, we have consolidated them for purposes of disposition.
The factual circumstances giving rise to the administrative charges filed against appellants, as best we can discern from the informal, yet obviously inadequate record,[1] are as follows. For many years, a state statute has regulated the hours of sale of alcoholic beverages "except as otherwise provided by county or municipal ordinance." § 562.14(1), Fla. Stat.[2] At least since 1968, ordinances of the town of Orange Park have regulated such hours of sale within its municipal limits pursuant to that exception and section 562.45(2), Florida Statutes. The ordinance adopted in 1968 prohibited the sale of alcoholic beverages between the hours of 2 a.m. each Sunday and 7 a.m. the following Monday, and between 2 a.m. and 7 a.m. on all other days of the week, with certain exceptions not pertinent here. From time to time, the ordinances were amended for reasons not material to this dispute; however, at all times until 1981 the prohibited hours of sale remained as described above, and at no *280 time did the town look to the state statute to regulate hours of sale.
In 1981, Orange Park adopted ordinance 18-81, which amended the prior ordinance as follows by adding the underscored words and deleting the stricken words:
Section 1. Code of Ordinances. Section 4-3 of the Code of Ordinances is amended to read as follows:
(a) No person shall sell, serve, cause or permit the selling, serving, drinking or consuming of any spiritous or intoxicating beverage including malt liquors, wines or beer, at or on the premises of any public place of business including stores, bars and restaurants or by such places or persons holding a license for the sale of the same, between the hours of 2:00 a.m. and 7:00 a.m. on each day of the week and between the hours of 2:00 a.m. 1:00 p.m. on Sunday and between the hours of 11:00 p.m. on Sunday and 7:00 a.m. on the following Monday, except as otherwise provided in this section.
This amendment, read literally, prohibited alcoholic beverage sales only between 2 a.m. and 1 p.m. on Sunday and between 11 p.m. Sunday and 7 a.m. on the following Monday, and eliminated the prohibition on sales during week days between 2 a.m. and 7 a.m. Nevertheless, vendors of alcoholic beverages in Orange Park, including the appellants, continued to close their sales at 2 a.m. as in the past, and this practice apparently continued without objection or dispute until Friday, September 3, 1983. On that day, the city manager apparently learned that the ordinance, as amended in 1981, no longer prohibited sales after 2 a.m. on weekdays, so he held a press conference and issued a memorandum to all businesses serving alcoholic beverages in the town which stated:
TO: All Businesses Within The Town Limits of Orange Park Where Alcoholic Beverages Are Sold, Consumed, Served or Permitted To Be Served or Consumed Under A Permit Issued By The Division of Alcoholic Beverages and Tobacco.
FROM: Town of Orange Park
This is to advise you that no alcoholic beverages may be sold, consumed, served, or permitted to be served or consumed between the hours of midnight and 7:00 A.M. the following day, Monday thru (sic) Friday pursuant to Section 562.14, Florida Statutes. The Police Department of Orange Park has been instructed to enforce this statute beginning midnight, September 2, 1983. If necessary the State Division of Alcoholic Beverages and Tobacco will assist in the enforcement.
Further, pursuant to Section 4-3 of the Orange Park Code of Ordinances any person is prohibited from selling, serving, causing or permitting the selling, serving, drinking or consuming of any alcoholic beverages between the hours of 2:00 A.M. and 1:00 P.M. on Sunday and between the hours of 11:00 P.M. on Sunday and 7:00 A.M. on Monday.
Appellants received copies of this memorandum on September 3. They were warned several times by officers of the town police department not to sell alcoholic beverages after midnight that Friday. Appellants took the position that the hours of sale in Orange Park were regulated by the ordinance, not by the statute, and continued to sell alcoholic beverages after midnight. As a result, they were arrested and charged with violating section 562.14(1), Florida Statutes, a misdemeanor.
The following Monday, September 6, 1983, the town council met and duly adopted an emergency ordinance "amending section 4-3(a)... to correct a scrivener's error created by ordinance no. 18-81" so as to again prohibit sales between 2 a.m. and 7 a.m. on weekdays, declaring:
[An] emergency exists with regard to an error contained in previously adopted legislation of ordinance 18-81 resulting in some confusion in the town and inordinate law enforcement in the community to the potential risk of police officers and members of the town.
On October 4, 1983, the town council duly passed an ordinance making this emergency *281 amendment permanent. Consequently, only on a single Friday night, September 3, 1983, did the town manager and town police attempt to enforce prohibited hours of sale in accordance with section 562.14(1). At all other times, such sales were deemed regulated by ordinance.
The Division filed charges against each appellant pursuant to section 561.29, Florida Statutes, alleging that on September 3, 1983, appellants sold alcoholic beverages after 12 midnight, contrary to section 562.14, Florida Statutes. A notice to show cause was issued on October 24, 1983, advising appellants that "an informal conference regarding these charges has been scheduled at 10:30 a.m. on the 16th day of November, 1983 ... to determine if you desire a full and formal administrative hearing or if you wish to stipulate to the charges." The notice also advised each appellant of the right to a formal hearing in accordance with section 120.57, Florida Statutes, and that if appellants wished such a hearing they should file a written request containing the following information: (1) The name and address of the party making the request, (2) a statement that the party is making a request for a formal hearing, (3) a reference to the notice to show cause that the party had received. Finally, the notice advised that if a request for hearing was not received within twenty-one (21) days after the scheduled date for the informal conference, "a final order will be entered against you," which could result in the suspension or revocation of the appellant's beverage license or imposition of a civil penalty. By letter dated October 27, 1983, appellants responded through their attorneys. They acknowledged receipt of the notice to show cause and confirmed a telephone conversation of that date in which counsel for the Division and counsel for appellants agreed to delay the informal conference until after the County Court for Clay County ruled on a motion to dismiss the pending criminal charges against appellants arising out of the same alleged illegal sale of alcoholic beverages.
By order of October 28, 1983, the county court dismissed the criminal charges against appellants on the grounds that in view of the exception stated in section 562.14(1), the hours of sale prescribed by the statute were not applicable to appellants because there was in effect on September 3 a town ordinance which regulated the hours of sale within the town. The state attorney apparently declined to appeal this ruling. Appellants' counsel advised the Division of this ruling, but the Division took the position that the outcome of the criminal matter had no bearing whatsoever on the administrative charges pending with the Division. The Division notified appellants that a preliminary hearing was reset for November 16, 1983, in Jacksonville and again advised that appellants had the right to a formal hearing.
Though the record is silent on the matter, it was represented during oral argument that a preliminary hearing was held as scheduled on November 16, without achieving any satisfactory resolution of the charges. As a result, appellants' counsel made written request for a formal hearing pursuant to section 120.57(1), Florida Statutes. The request contained all the information required by the Division's notice to show cause. The Division acknowledged receipt of this request and stated, "You will be granted a hearing and notified later of the exact date, time and place of the hearing." Under date of December 13, the general counsel for the Department of Business Regulation wrote appellants' attorneys:
It does not appear from the correspondence accompanying the Notice to Show Cause that any disputed issue of material fact exists, i.e., it is not contested that the alcoholic beverages were sold as charged. Instead, the matter appears to center on the legal issue of the validity of enforcing the statutory closing hours.
Accordingly, the general counsel stated that the Division would set the matter for an informal hearing pursuant to section 120.57(2), Florida Statutes, unless "on or before December 27, 1983, a detailed statement of the disputed issues of material fact is submitted by you." The record is silent *282 as to why the December 27 hearing was not held as noticed.
The next item of information in the record is a letter of January 13, 1984, from appellants' counsel to the general counsel of the Department acknowledging the general counsel's December 13 letter and stating that while appellants did not contest that alcoholic beverages were served on September 3, 1983, at the hour alleged, appellants believed it was legal to sell alcoholic beverages during such time under the town ordinance in effect on September 3, 1983. The letter enclosed a copy of the county court's opinion and order dismissing the criminal charges. The letter also stated appellants' position that the administrative charges pending against them should be dismissed in view of the county court's ruling that the closing hours specified in section 562.14 were not applicable, and concluded that if the Department did not agree, appellants were again requesting a hearing pursuant to section 120.57, Florida Statutes, "for the purpose of providing you with further written and oral evidence."
No formal or informal hearing under section 120.57 was ever held. Instead, on March 14, 1984, the Division filed its final orders finding that appellants had violated section 562.14(1), Florida Statutes, and imposing a civil penalty of $250 each. Appellants filed a motion for stay, a motion for rehearing, and exceptions to the final order. The record contains no disposition of these pleadings by the Division, and on April 4, 1984, appellants filed their notice of appeal. Appellants directed the clerk to include in the record on appeal, in addition to the documents reviewed above:
... any and all information, evidence, memoranda, or any item submitted to and/or considered by the Department of Business Regulation, Division of Alcoholic Beverages and Tobacco ... whether or not such was determinative of the issuance of the final order entered by the Director of the Division of Alcoholic Beverages and Tobacco on March 13, 1984. If any of such information, evidence, memoranda, or other items consisted of oral, as opposed to written information, evidence, memoranda, or other items, the name and address of those supplying such information, evidence, memoranda, or other items.
Pursuant to this direction, the clerk of the Division added as an "appendix" to the record a document entitled "Case Report," which contained the investigating officer's narrative report of certain facts said to support the charge. Counsel for appellants deny ever seeing this document until they received the appellate record. No other evidence is included in the record.
On this appeal, appellants contend (1) that they have violated no law regarding the sale of alcoholic beverages which would support the civil penalty imposed; (2) that the entry of the final order without granting appellants a hearing at which they could present further written and oral evidence, as requested in writing, violates appellants' rights under the federal and Florida constitutions, as well as chapter 120, Florida Statutes, and (3) that the final order is not supported by competent substantial evidence. We agree with appellants on all three points.
Had the foregoing facts been properly proven at the requested section 120.57 hearing, it would have been perfectly clear that the town of Orange Park, under the exception in section 562.14(1), has been regulating the hours of alcoholic beverage sales for many years and was doing so on September 3, 1983. At no time had the town repealed its regulatory ordinance and relied on the hours of sale in section 562.14(1). The city manager had no authority to unilaterally take the action he did on September 3 as a result of his discovery that the ordinance permitted sales all night long on week days. No one disputes that the adoption, amendment, or classification of ordinances was a matter residing solely within the authority of the town council. Exercising that authority, the council met on September 6 and adopted an emergency ordinance which clarified a scrivener's error in drafting ordinance 18-81 and amended the ordinance to conform the weekday *283 hours of sale to those contained in the prior ordinance. Throughout this entire period, regulated licensees in Orange Park continued to honor the hours in the old ordinance. The council's clarifying amendment cannot be ignored in determining whether the town had been regulating all hours of sales by ordinance rather than deferring to the state statute for that purpose.
Although not urged by the parties, a good argument could be made that this clarifying amendment should be given retroactive effect, at least to the extent that enforcement impairs no vested rights and does not penalize a licensee ex post facto. 82 C.J.S., Statutes, §§ 419, 431; Cf. Ralston Purina Co. v. Byers, 457 So.2d 1138 (Fla. 1st DCA, 1984); Sasso v. Ram Property Management, 431 So.2d 204, 217-18 (Fla. 1st DCA 1983), aff'd 452 So.2d 932 (Fla. 1984). But we need not decide this point because it is perfectly evident that the town had continuously preempted the operation of section 562.14(1) through its own ordinances for many years before and after September 3, 1983.
The Division primarily argues that its disciplinary order should be sustained because the town council intended that section 562.14(1) govern the hours of sale on weekdays, as announced by the city manager, and that the city "impliedly adopted" the statute as part of the ordinance even though the ordinance makes no reference to the statute. The record, however, contains no competent substantial evidence to support such a finding. On the contrary, the town council's actions on September 6 belie any implied adoption of the statute for regulating hours of sale, as does the uncontested fact that licensees continued to close at 2 p.m. on weekdays after the adoption of ordinance 18-81 and town authorities never sought to otherwise enforce the statute. The Division cites no pertinent authority, and we know of none, which supports its argument that as a matter of law the agency and this court must conclude the town impliedly adopted the statute. At best, the question of the town council's intention and "implied adoption" of the statute involved disputed issues of law and fact. The division, bearing the burden of proving that appellants should be disciplined, should have offered some proof of the factual circumstances relied on to support this theory. It simply did not do so.
Furthermore, it was clear error for the Division to refuse a section 120.57(1) formal hearing after appellants' repeated requests to have one for the expressed purpose of affording them an opportunity to present evidence. Since the Division's theory in this case required the presentation of competent evidence on its part to justify application of section 562.14(1) to appellants, the Division could not legally avoid such a hearing based on appellants' honest admission that they sold alcoholic beverages after 12 midnight on September 3. The right to a formal hearing in this administrative disciplinary matter did not wholly depend upon appellants' demonstration that they had evidence of disputed facts to present. Appellants' denial of the charges raised sufficient issues of law and fact to require an evidentiary hearing at which the Division, and then appellants, could present evidence in support of their respective positions.
It is not our province to pass judgment on the wisdom of the Division's persistence in prosecuting these charges against appellants under the circumstances described. We do have obvious difficulty, however, in comprehending a rational basis for prosecuting these charges of after-hour sales on the single night an official of Orange Park improperly insisted on early closure contrary to the city ordinance then in effect and contrary to the town's practice of many years' standing. A remand for the evidentiary hearing which was requested but never held would not save the Division's invalid orders in this case. We conclude that the time has come for administrative and judicial labor in this case to end.
The appealed orders are reversed and vacated with directions to dismiss the charges against appellants.
ERVIN, C.J., and MILLS, J., concur.

*284 ON MOTION FOR REHEARING
ZEHMER, Judge.
The Division of Alcoholic Beverages and Tobacco has filed a motion for rehearing contending that we have overlooked or miscomprehended the law and the facts in several particulars in reaching our decision. Two points raised in the motion for rehearing merit some discussion.
Primarily, the Division challenges our conclusion that appellants were entitled to a section 120.57(1) formal hearing, which was not afforded by the Division. The Division acknowledges that appellants initially requested a formal hearing. The Division refers to certain correspondence in the record indicating that appellants agreed to forego the formal hearing and submit the matter for decision pursuant to section 120.57(2) because it appeared that the principal disputed issue was one of law, i.e., whether the failure of the town's ordinance to regulate hours of sale during the week caused the state statute to be applicable on week days. Accordingly, the Division draws our attention to correspondence and related telephone conversations in which appellants' attorneys agreed to have the Division decide this question on the basis of the documents and information informally submitted to the Division. The Division states that is exactly what it did. Therefore, the Division contends that our opinion incorrectly criticizes it for not affording appellants a section 120.57(1) formal hearing because, in view of appellants' agreement to proceed under section 120.57(2), "neither F.S. 120.57 nor Rules 28-5.01 and 28-5.02, F.A.C., mandate that a `face to face' hearing be held but instead clearly contemplate that the informal proceeding may be effectuated pursuant to written submissions."
Our decision that the Division erred in not affording appellants a section 120.57(1) formal hearing was predicated primarily upon our conclusion, based on arguments presented on appeal, that there remained disputed questions of fact, as well as law, between the parties. We did not, however, expressly discuss the impact of appellants' agreement to proceed informally under section 120.57(2) informal proceedings.
Since the record unquestionably supports the Division's contention that appellants agreed to forego a formal hearing and proceed informally under section 120.57(2), to this extent the Division was authorized to consider the matter on an informal basis. However, the portions of the record referred to by the Division also show that appellants always insisted that if, upon considering the material submitted with appellants' correspondence, the Division remained convinced that appellants had violated the law, then appellants still wanted "a hearing" at which they could present additional evidence and argument. Thus, even though the Division was authorized by agreement to proceed informally under section 120.57(2), its contention that informal proceedings under that section did not require that appellants be given a "face to face hearing" is erroneous for the following reasons.
Fundamental to due process is the right to a fair hearing. The provisions of section 120.57 implement that right through the mechanism of formal proceedings or informal proceedings. Section 120.57(1) governs formal proceedings and necessarily requires the holding of a hearing. Informal proceedings under section 120.57(2), on the other hand, may proceed with or without a hearing.[1] When the parties agree to proceed informally without a hearing, the agency decision may be based on informal submissions which are made part of the record. On the other hand, if a party qualifies the agreement to proceed informally by requesting a hearing at *285 which to adduce additional evidence and argument, the Division is not at liberty to deny that party a hearing and proceed to decision on the basis of the informal submissions. While a party has the absolute right to a formal hearing under section 120.57(1) when material facts are in dispute, the absence of disputed issues of material fact, which authorizes informal proceedings under section 120.57(2), does not, ipso facto, eliminate the right to a hearing. Hearings, whether conducted under section 120.57(1) or (2), provide the essential mechanism whereby parties confront each other at a common time and situs and present evidence, legal authority, and argument in support of their respective positions. Hearings afford the parties an opportunity to review the information of record to be relied on by the agency and to rebut the opponent's contentions. Hearings facilitate the preparation of a complete and adequate record containing information and evidence presented by the parties and, more importantly, relied on by the agency to support its decision. When material facts are not in dispute, an agency is not required to grant a formal proceeding, even though requested by the party, and is free to insist that the matter be handled by informal proceeding. If, however, during the progress of a section 120.57(2) informal proceeding, it becomes apparent that material facts are in dispute, a formal hearing may be convened, and evidence adduced during the informal hearing may be made part of the record in the formal proceeding. E.M. Watkins' Co. v. Board of Regents, 414 So.2d 583 (Fla. 1st DCA 1982). See also United Telephone Co. of Florida v. Mann, 403 So.2d 962, 967, n. 5 (Fla. 1981).
In the instant cases, the Division did not afford appellants an informal hearing and did not fully inform appellants of all information being used by the agency in reaching its decision, as is pointed out in our opinion. Material facts concerning the circumstances of the enactment of the ordinances involved by the town of Orange Park were highly relevant to the ultimate issue before the agency, but remained in dispute. Had an informal face-to-face hearing been conducted, there is substantial probability that those disputes could have been identified and resolved on an informal basis and, in the absence of such resolution, the matter would have to proceed by way of a formal hearing on disputed facts. Since these material disputes were not identified and resolved before final decision by the Division, we held that a hearing was required.
The Division has also supplemented the record with copies of orders timely disposing of appellants' respective motions for stay, rehearing, and exceptions to the final order, with the explanation that appellants' directions for preparing the record, as construed by the Division, did not require that these orders be included in the record on appeal. In view of this additional information, we delete the statement in our opinion on page 7 that "the record contains no disposition of these pleadings by the Division."
With the foregoing clarification and correction of our opinion, the motion for rehearing is DENIED.
MILLS and ERVIN, JJ., concur.
NOTES
[1] Appellants have filed an appendix with their reply brief containing copies of various ordinances of the town of Orange Park, certified by the town clerk, which relate to prohibited hours of sale of alcoholic beverages within the town limits. Included are the ordinances referred to in the Division's investigative report and final order. In developing this summary of the facts, we have considered these ordinances along with the other "evidence" appearing in the "Record" and "Appendix to the Record" without regard to its competency or lack thereof, a matter we deal with in greater detail infra. We have also considered statements made at oral argument that are not disputed by opposing counsel.
[2] Section 562.14 provides:

Regulating the time for sale of alcoholic and intoxicating beverages.
(1) Except as otherwise provided by county or municipal ordinance, no alcoholic beverages may be sold, consumed, served, or permitted to be served or consumed in any place holding a license under the division between the hours of midnight and 7 a.m. of the following day. This section shall not apply to railroads selling only to passengers for consumption on railroad cars.
(2) The division shall not be responsible for the enforcement of the hours of sale established by county or municipal ordinance.
(3) Any person violating this section shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.
[1] Rule 28-5.501(3), Florida Administrative Code, implements section 120.57(2) informal proceedings and provides in part:

If a hearing is held, the agency may:
(a) Administer oaths and affirmations;
(b) Rule upon offers of proof and receive relevant evidence;
(c) Regulate the course of the hearing;
(d) Enter any order to carry out the purposes of chapter 120, F.S.; and
(e) Make or receive offers of settlement, stipulation, and adjustment.
(emphasis added)