UPCHURCH, Chief Judge.
The Varneys appeal an order of the Florida Real Estate Commission which denied their claim against the Florida Real Estate Recovery Fund. We reverse.
The Varneys filed a claim against the Real Estate Fund after they were unable to satisfy a final judgment for negligence obtained against a real estate broker. Three years after the claim was filed, the Var-neys were notified by the commission that there may be a statute of limitations problem. The Varneys were not present and their written response to the statute of limitations issue was not considered at the meeting where their claim was denied. The commission’s order set forth findings of fact and concluded that the Varneys had met the conditions for recovery but had not filed their claim within the two year period as required by section 475.483(l)(c), Florida Statutes (1985).
The questions we decide are whether the Varneys’ constitutional due process rights *384 were violated because they were denied an opportunity to appear before the commission and whether they had a substantial interest that was affected.
Section 120.57(2), Florida Statutes (1985) provides:
INFORMAL PROCEEDINGS. — In any case to which subsection (1) does not apply:
(a) The agency shall, in accordance with its rules of procedure:
1. Give reasonable notice to affected persons or parties of the action of the agency, whether proposed or already taken, or of its decision to refuse action, together with a summary of the factual, legal, and policy grounds therefor.
2. Give affected persons or parties or their counsel an opportunity, at a convenient time and place, to present to the agency or hearing officer written or oral evidence in opposition to the action of the agency or of its refusal to act, or a written statement challenging the grounds upon which the agency has chosen to justify its action or inaction.
3. If the objections of the persons or parties are overruled, provide a written explanation within 7 days.
The Varneys contend they were not given adequate notice of the commission’s meeting so they were unable to contest the legal arguments as to whether the two year limit is a statute of limitation or a statute of repose. In McRae v. Robbins, 151 Fla. 109, 9 So.2d 284 (1942), the Florida Supreme Court held that in the official administration of a statute there must be provisions for due notice to interested parties as to time and place with an opportunity to be heard in order to afford due process and equal protection. The commission contends that the Varneys were given proper notice because the Florida Administrative Weekly printed on April 4, 1986, provided that the Florida Real Estate Commission would be meeting on April 15 to discuss official business and that an agenda would be available upon request. The Varneys contend this notice was not sufficient since under section 120.54(1), Florida Statutes (1985), the meeting must be noticed in the Florida Administrative Weekly not less than twenty-one days prior to the intended action. Section 120.54 deals with rule making, not administrative hearings, but section 120.53 requires notice to “particular classes of persons to whom the intended action is directed” in the same manner as prescribed for rule making. The notice here was published eleven days before the meeting and no other notice was given to the Varneys. We conclude that there was no reasonable notice provided before the commission decided the Varneys’ claim against the recovery fund.
Having determined the notice was inadequate, we must also decide whether a substantial interest of the Varneys was affected which would entitle them to an informal hearing before the commission. For there to be the right to a section 120.57 hearing, there must be a substantial interest that is affected. Martin v. School Board of Gadsden County, 432 So.2d 588 (Fla. 1st DCA 1983). In administrative matters the procedural due process protection varies with the character of the interest and the nature of the proceeding involved. Hadley v. Department of Administration, 411 So.2d 184 (Fla.1982). The court in Hadley held that there is no single rigid test to determine when a procedural due process violation exists but that the facts of each case must be considered. The court concluded that there was no procedural violation in denying unemployment compensation since the petitioner was given an opportunity to explain his side of the dispute. A hearing is required for an agency order in which the legal rights, duties, privileges or immunities are adjudicated. Bay National Bank v. Dickinson, 229 So.2d 302 (Fla. 1st DCA 1969). In Deel Motors v. Department of Commerce, 252 So.2d 389 (Fla. 1st DCA 1971), the court held that it was improper for the department to conduct a hearing on workman’s compensation assessments in which no witnesses, documents or testimony, other than the arguments of the department’s attorney, are provided. The court held that this *385 was error since there was no opportunity given for the petitioners to challenge the figures or evidence.
In the instant case, the commission’s attorney was the only person to appear at the meeting even though the Varneys had requested an opportunity to present their argument. The commission’s order determined the Varneys’ legal right to recover from a statutorily created fund. We hold that this is a substantial interest and the Varneys were entitled to an informal hearing before the commission as set forth in section 120.57(2), Florida Statutes (1985). We need not pass on the other issues presented.
We therefore conclude that this cause must be remanded to give the Varneys an opportunity to be heard.
REVERSED and REMANDED.
ORFINGER and COBB, JJ., concur.