677 So.2d 98 (1996)
Henry M. WEISS, Appellant,
v.
DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION, etc., Appellees.
No. 95-2844.
District Court of Appeal of Florida, Fifth District.
July 26, 1996.
Henry M. Weiss, Ft. Lauderdale, pro se.
*99 Daniel Villazon, Senior Attorney, DBPR Division of Real Estate, Orlando, for Appellee.
THOMPSON, Judge.
Henry Weiss appeals the Florida Real Estate Commission's ("FREC") revocation of his broker's license for failure to complete 60 hours of post-licensure training. The training requirement had been imposed after a prior disciplinary action for violations of FREC's rules and regulations. Weiss raises two issues on appeal. First, he argues FREC violated his due process and statutory rights by revoking his license without a formal hearing. Second, he argues the penalty was too severe. FREC responds that Weiss waived his right to a formal hearing by failing to argue that there were material disputed facts and by actively participating in the informal hearing. FREC further argues that the penalty was within its discretion and did not exceed the permissible range provided by statute. We affirm.
Weiss was sanctioned by the Department of Business and Professional Regulation, Division of Real Estate ("BPR") for failing to maintain escrow funds in a trust account until disbursement. Weiss returned a $3,000 deposit to real estate buyers with a check from his trust account. The check was returned for insufficient funds, but did clear upon redeposit. After a formal hearing, FREC issued a final order which suspended Weiss's license for 90 days, imposed an administrative fine of $3,000, required Weiss to serve a one year probationary term during which he was not to violate any rules of FREC, and required Weiss to complete a "60-hour post-licensure education course for brokers." Weiss never appealed this order and complied with all the terms save one: he did not register for or complete a 60-hour course. The BPR filed a second amended two count complaint against Weiss for failing to complete the course and for violating an order of the commission. After an informal hearing he was found guilty of violating sections 476.25(1)(o) and 475.42(1)(e), Florida Statutes (1993), and his license was revoked.
When BPR filed the two count complaint against Weiss for failure to complete the 60-hour course, Weiss responded with a general denial. Weiss did not specify which material facts were in dispute; rather, he simply denied counts I & II of the amended administrative complaint. Section 120.57, Florida Statutes (1993) allows a party the right to a formal hearing when material facts are in dispute. However, when no material facts are in dispute, an agency is not required to hold a formal hearing. In this case, there was no dispute as to whether Weiss had taken the 60-hour course. Weiss does not argue that he complied with the requirement, and, although Weiss did not admit noncompliance, he responded that he did not know what would constitute satisfaction of a "60-hour post-licensure course." Further, he offered no evidence of satisfaction of the requirement.
BPR was within its statutory right to proceed with an informal hearing. In Village Saloon, Inc. v. Division of Alcoholic Beverages and Tobacco, 463 So.2d 278, 285 (Fla. 1st DCA 1984), the court wrote that "[w]hen material facts are not in dispute, an agency is not required to grant a formal proceeding, even though requested by the party, and is free to insist that the matter be handled by informal proceeding." See also, § 120.57, Fla. Stat. Here, Weiss never filed an objection to BPR's motion for informal hearing and fully participated in the hearing. We find no error.
Weiss' primary issue on appeal is that the penalty was too harsh. Section 475.25(1) allowed FREC to mete out a variety of punishments. FREC may suspend a broker's license, place a licensee on probation, impose an administrative fine, issue a reprimand, or revoke a license. Here, FREC revoked Weiss' license. Whether we agree with the penalty is not the test of its validity. By statute, appellate courts are limited in their review of an agency's action. Section 120.68(12), Florida Statutes (1993) sets forth the criteria for remanding a case to an agency:
The court shall remand the case to the agency if it finds the agency's exercise of discretion to be:

*100 (a) Outside the range of discretion delegated to the agency by law;
(b) Inconsistent with an agency rule;
(c) Inconsistent with an officially stated agency policy or a prior agency practice, if deviation therefrom is not explained by the agency; or
(d) Otherwise in violation of a constitutional or statutory provision;
but the court shall not substitute its judgment for that of the agency on an issue of discretion.
Weiss cites several cases to support his position that the penalty is out of proportion to the violation. He points out that, although the money was not in his trust account when it was first presented, the money was there when the check was presented again, and the buyers were not harmed. He further argues that revocation should be reserved for dishonest or unscrupulous brokers. Munch v. Department of Professional Regulation, 592 So.2d 1136 (Fla. 1st DCA 1992), citing Brod v. Jernigan, 188 So.2d 575 (Fla. 2d DCA 1966); Pauline v. Borer, 274 So.2d 1 (Fla. 1973).
In essence, Weiss asks this court to substitute our judgment for that of the FREC, but we cannot remand a case if our opinion is that the penalty is too harsh. The Florida Supreme has written "[s]o long as the penalty imposed is within the permissible range of statutory law, the appellate court has no authority to review the penalty unless agency findings are in part reversed." Florida Real Estate Comm'n v. Webb, 367 So.2d 201 (Fla.1978). Here, we do not reverse any of the agency findings, the penalty was within the permissible range, and setting the penalty was the exclusive function of the agency. Absent a reversal of findings, an appellate court may not remand a case for restructuring of the penalty. Id. We find no merit in Weiss' argument that the imposition of the penalty itself was an improper finding of fact. We affirm.
AFFIRMED.
W. SHARP, J., concurs.
GRIFFIN, J., concurs in result only.