705 So.2d 652 (1998)
Ginny L. WALKER, Appellant,
v.
FLORIDA DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION, etc., Appellee.
No. 96-3460.
District Court of Appeal of Florida, Fifth District.
January 23, 1998.
Rehearing Denied February 19, 1998.
James H. Gillis of James H. Gillis & Associates, P.A., Orlando, for Appellant.
Christine M. Ryall, Senior Attorney, Department of Business and Professional Regulation, Real Estate Division, for Appellee.
*653 ANTOON, Judge.
Ginny L. Walker appeals the final order entered by the Florida Real Estate Commission (FREC), revoking her real estate salesperson license. Our review of the record of the administrative proceedings below reveals that (1) there were no disputed issues of material fact; (2) the findings of fact set forth by the hearing officer were supported by substantial competent record evidence; and (3) the penalty imposed by FREC was within its statutory authority. Accordingly, we must affirm.
Walker was licensed by the State of Florida as a real estate salesperson. In order to maintain her license Walker was required to satisfactorily complete fourteen classroom hours of instruction as approved by FREC.[1] Walker represented on her renewal application that she had completed this educational requirement although she had not done so. In this regard, while Walker had participated in a correspondence course through the University of Central Florida (UCF), she had not submitted the examination answer sheet to the university for grading and, thus, she had not completed the required education requirement. However, relying upon her false representation, FREC issued Walker a renewal license.
Florida's Department of Business and Professional Regulations (DBPR) later discovered that Walker's renewal application failed to include evidence demonstrating that she had satisfactorily completed the continuing educational requirement and promptly notified Walker of the omission. Upon receiving this notice, Walker submitted her completed answer sheet to UCF for grading. Walker later sent the graded answer sheet to DBPR as evidence of her satisfactory completion of the UCF course. Importantly, such proof of compliance was received more than six months after FREC had issued Walker's renewal license.
As a result of these irregularities in Walker's application process, FREC initiated an investigation. The matter was referred to a probable cause panel pursuant to section 455.225, Florida Statutes (1995). The probable cause panel reviewed the investigative report, DBPR's recommendation, and Walker's written response. The panel determined that probable cause existed that Walker had "obtained a license by means of fraud, misrepresentation, or concealment" in violation of the provisions of section 475.25(1)(m), Florida Statutes (1995).[2]
Based upon the finding of probable cause, an administrative complaint was filed charging Walker with violating section 475.25(1)(m). In response, Walker filed an election of rights form indicating that she did not dispute the facts alleged in the complaint and requesting an informal administrative hearing pursuant to section 120.57(2), Florida Statutes (1995). A hearing was later conducted. At the hearing, FREC had before it Walker's letter to DBPR and a summary of a statement which she had given during the investigation explaining that her failure to complete the educational requirements prior to making her application for license renewal was unintentional. During the hearing, Walker told FREC that she had just made a "really dumb mistake." At the conclusion of the hearing, FREC determined that Walker had violated section 475.25(1)(m) and revoked her license.
On appeal, Walker first argues that FREC committed reversible error by proceeding with an informal administrative hearing. We disagree. As noted above, Walker specifically requested an informal hearing. Also, review of the instant record reveals *654 that Walker did not at any time request that the informal hearing be terminated in lieu of a formal hearing under section 120.57(1) of the Florida Statutes (1995). As a result, Walker waived any right she may have had to receive a formal hearing.
Walker also contends that the final order must be reversed because there was insufficient evidence presented to establish her intent to violate section 475.25(1)(m), since no direct evidence of intent was presented. To support this argument, Walker relies on Munch v. Department of Professional Regulation, Division of Real Estate, 592 So.2d 1136 (Fla. 1st DCA 1992). However, the facts in Munch are clearly distinguishable from the facts presented here.
Munch was a licensed real estate salesperson at the same time he performed property management services for a condominium association. Id. at 1139. DBPR alleged that Munch was subject to discipline pursuant to section 475.25(1)(b) of the Florida Statutes, which prohibits "fraud, misrepresentation, or concealment ...," because he did not tell his employing broker that he was receiving commissions from the condominium association. Id. at 1138, 1144. The hearing officer concluded that Munch was not subject to discipline but FREC rejected the hearing officer's findings stating that Munch was guilty of violating section 475.25(1)(b) because he concealed the rental commissions from his employing broker. Id. at 1143. The first district court of appeal reversed because section 475.25(1)(b), which prohibits fraud, misrepresentation and concealment, contemplates "that an intentional act be proved before a violation may be found" and the evidence did not support a finding that Munch intentionally concealed commissions from his employing broker. Id. at 1143-44 (emphasis in original).
In the instant case, Walker was accused of obtaining a license "by means of fraud, misrepresentation, or concealment ..." in violation of section 475.25(1)(m), Florida Statutes, which also contemplates that an intentional act be proved before a violation may be found. 592 So.2d at 1144. However, DBPR presented undisputed circumstantial evidence that Walker's acts were intentional. Therefore, FREC's conclusion that Walker violated section 475.25(1)(m) is supported by competent substantial evidence. See Ellis v. State, 425 So.2d 201 (Fla. 5th DCA 1983), app'd, 442 So.2d 213 (Fla.1983) (circumstantial evidence is sufficient to prove intent).
Finally, Walker argues that it was improper for FREC to revoke her license absent a specific showing that she was unscrupulous or dishonest. She argues that without such a showing revocation was a disproportionately severe penalty. Again, we disagree.
Section 120.68(12), Florida Statutes (1995) provides in relevant part:
120.68 Judicial review.
* * * * * *
(12) The court shall remand the case to the agency if it finds the agency's exercise of discretion to be:
(a) Outside the range of discretion delegated to the agency by law;
(b) Inconsistent with an agency rule;
(c) Inconsistent with an officially stated agency policy or a prior agency practice, if deviation therefrom is not explained by the agency; or
(d) Otherwise in violation of a constitutional or statutory provision;
but the court shall not substitute its judgment for that of the agency on an issue of discretion.
(Emphasis added.) Section 475.25(1) of the Florida Statutes authorizes FREC to revoke a real estate salesperson's license if it finds that the salesperson violated the provisions of section 475.25(1)(m). Having concluded that Walker had violated section 475.25(1)(m), it was within the agency's discretion to revoke her license. Perhaps harsh under the circumstances, the penalty imposed by the FREC was within its statutory authority.
Accordingly, we must affirm.
AFFIRMED.
*655 DAUKSCH, J., concurs and concurs specially, with opinion in which ANTOON, J., concurs.
W. SHARP, J., dissents, with opinion. 96-3460
DAUKSCH, Judge, concurring specially.
I concur in every aspect of Judge Antoon's opinion. I write to reiterate the rule that is ignored by the dissent. That is that the trier of fact is never bound to believe any witness, even a witness who is uncontradicted. The hearing officer, as well as the probable cause panel and the commission chose not to believe her after considering her written submissions and her live testimony. That is their prerogative. It is not our prerogative to judge the credibility of witnesses, except in very limited circumstances, of which this is not one. There is no substitute for seeing and hearing persons testify. There is also scant substitute for the experience hearing officers, trial judges and professional-board members have in ferreting out the truth in testimony. Certainly appellate judges are in no position to do so, considering our experience and vantage point (or lack of) in these matters.
I concur.
ANTOON, J., concurs.
W. SHARP, Judge, dissenting.
I dissent because, in my view, there is no substantial competent evidence to support the Department's conclusion that Walker obtained renewal of her license by fraud, misrepresentation or concealment. The Department had the burden of proving fraud, misrepresentation or concealment by clear and convincing evidence, in order to justify revocation of Walker's license. § 475.25(1)(m), Fla. Stat. (1995); See Ferris v. Turlington, 510 So.2d 292 (Fla.1987)(clear and convincing evidence proper standard under chapter 120); Pic N' Save of Central Florida v. Dept. of Business Reg., 601 So.2d 245 (Fla. 1st DCA 1992).
As the Florida Supreme Court recently explained, clear and convincing evidence is the proper standard in license revocation proceedings because they are penal in nature and implicate significant property rights. Dept. of Banking & Finance v. Osborne Stern & Co., 670 So.2d 932, 935 (Fla.1996). Clear and convincing evidence requires more proof than preponderance of evidence, but less than beyond a reasonable doubt. In re Inquiry Concerning a Judge re Graziano, 696 So.2d 744 (Fla.1997). It is an intermediate level of proof that entails both qualitative and quantative elements. In re Adoption of Baby E.A.W., 658 So.2d 961, 967 (Fla.1995), cert denied, 516 U.S. 1051, 116 S.Ct. 719, 133 L.Ed.2d 672 (1996). The sum total of the evidence must be sufficient to convince the trier of fact without any hesitancy. Id. It must produce in the mind of the fact finder a firm belief or conviction as to the truth of the allegations sought to be established. Inquiry Concerning Davey, 645 So.2d 398, 404 (Fla.1994). The evidence simply does not rise to that level in this case.
At the hearing, the evidence was not in dispute. Walker testified her failure to send in the answer sheet was a mistake and an oversight on her part. She testified she completed answering the test at her home either in January or February, in connection with a 14-hour real estate course she took from the University of Central Florida, to fulfill her continuing education requirement prior to the expiration of her license on March 31, 1995. When she sent in her renewal application she thought she had sent back her answer sheet for the course for grading. But, due to the death of her father and a move to a different job, she had neglected to do so.
It was not until September 27, 1995, after she received a letter from the Department requesting evidence she had completed the course, that she discovered her oversight. She immediately sent the answer sheet into to the University. She scored 97%, and in October she sent the letter of completion she received from the University to the Department.
The Department offered no conflicting evidence concerning Walker's conduct. The advisor for the Department said it could not counter her testimony. He also said revocation would be proper only for someone who was unscrupulous or dishonest. The panel *656 for the Department determined Walker's license should be revoked because she had sent the renewal in before completing the course. In my view, that by itself was insufficient grounds to conclude Walker was guilty of fraud, misrepresentation or concealment, particularly in light of her explanation as to the personal upsets which caused her memory loss and neglect. See Graham v. Estuary Properties, Inc., 399 So.2d 1374 (Fla.1981); Golden Dolphin No. 2, Inc. v. State Div. of Alcoholic Bev. & Tobacco, 403 So.2d 1372 (Fla. 5th DCA 1981).
Further, it appears the order revoking the license in this case fails to contain findings of fact and conclusions of law separately stated, as required by section 120.59, Florida Statutes (1995). That is another reason I think it should be reversed. Williams v. Dept. of Prof. Regulation, 683 So.2d 670 (Fla. 5th DCA 1996).
NOTES
[1] See Fla.Admin.Code R. 61J2-3.009.
[2] Section 475.25(1)(m), Florida Statutes (1995), provides:

475.25 Discipline.
(1) The commission may deny an application for licensure, registration, or permit, or renewal thereof; may place a licensee, registrant, or permittee on probation; may suspend a license, registration, or permit for a period not exceeding 10 years; may revoke a license, registration, or permit; may impose an administrative fine not to exceed $1,000 for each count or separate offense; and may issue a reprimand, and any or all of the foregoing, if it finds that the licensee, registrant, permittee, or applicant:
* * * * * *
(m) Has obtained a license by means of fraud, misrepresentation, or concealment.