PER CURIAM.
Kay Starr appeals an order of the Departs ment of Business and Professional Regulation, Division of Real Estate (DBPR) revoking her real estate broker’s license for having falsely answered a question on her application for the license that inquired as to prior criminal offenses. Starr had previously pled no contest to two separate misdemeanor charges, disorderly intoxication and disorderly conduct. The wording of the question, together with a cautionary instruction and the jurat at the end of the application make it clear Starr should have answered in the affirmative. The administrative law judge rejected her explanation that she thought the question only pertained to felonies. The judge specifically found she had violated the provisions of section 475.25(l)(m) (“Has obtained a license by means of fraud, misrepresentation, or concealment”). This court cannot reweigh such findings of fact. See § 120.68(10), Fla. Stat. (1997).
Rather, appellant argues that section 475.25, Florida Statutes (1997), does not empower the Florida Real Estate Commission (FREC) to inquire on such an application as to criminal conduct which is not a felony, not related directly to real estate transactions, nor generally to crimes of dishonesty. She has offered no specific authorities in support of this argument, and we find it unpersuasive.
Similarly, we reject any argument that DBPR’s ruling should be reversed either for allegedly exceeding its authority in imposing the sanction of revocation based on Starr’s untruthful response, or because she was improperly treated differently from other appli *1007 cants who committed similar offenses. See Walker v. Florida Department of Bus. & Prof. Reg., 705 So.2d 652 (Fla. 5th DCA 1998). The order of the DBPR, and the sanction of revocation with leave to reapply, are, thus, affirmed.
POLEN, SHAHOOD and GROSS, JJ., concur.