812 So.2d 454 (2002)
James W. STUEBER, Appellant,
v.
Tom GALLAGHER as Commissioner of Education, Appellee.
No. 5D01-1030.
District Court of Appeal of Florida, Fifth District.
March 1, 2002.
Rehearing Denied April 2, 2002.
*455 Howard J. Hochman, Miami, for Appellant.
J. David Holder, Santa Rosa Beach, for Appellee.
PALMER, J.
In this administrative appeal, James W. Stueber appeals a final order entered by the Florida Education Practices Commission ("EPC") which permanently revoked his educator's certificate. Stueber contends that he was deprived of due process of law during his informal hearing when the Commissioner of Education alleged additional claims of wrongdoing and when the EPC failed to refer the matter for a formal hearing when it became apparent that issues of material fact were in dispute. Concluding that Stueber failed to preserve his right to raise these issues on appeal, we affirm.
*456 Stueber was employed by the Citrus County School Board as a high school art teacher. In August 2000 an administrative complaint was filed against him by the Commissioner of Education. The complaint set forth three material allegations of wrongdoing and sought disciplinary sanctions related thereto. See §§ 231.262; 231.28, Fla. Stat. (1999). First, it was alleged that Stueber "inappropriately used his school computer to access pornography on the Internet often." Second, it was alleged that Stueber had battered his wife by grabbing her, throwing her to the ground, and choking her. The third allegation charged that Stueber reconnected his school computer to access the internet without authorization.
Upon receipt of the administrative complaint, Stueber signed an election of rights form requesting a formal administrative hearing before an administrative law judge. See § 120.57(1), Fla. Stat. (1999). At that time, Stueber disputed the truthfulness of all three of the material allegations in the complaint. Prior to the date set for the formal administrative hearing, Stueber filed an amended election of rights form in which he indicated that he had changed his mind and wanted to proceed with an informal hearing before the EPC. The amended form further stated that Stueber did not dispute the truthfulness of the allegations in the complaint and that the informal hearing would relate solely to the issue of mitigation of disciplinary sanctions.
An informal hearing was thereafter conducted before the EPC. At the hearing Stueber represented himself, although he had been advised that he could be represented by counsel. Each side was given ten minutes to present its case and to submit recommendations for final disposition.
Counsel for the Commissioner of Education recommended that the EPC permanently revoke Stueber's educator's certificate. To support this recommendation counsel presented materials documenting the internet sites that Stueber had accessed on his school computer. Counsel informed the EPC that Stueber was looking at "teenage oriented pornography". Counsel also offered to provide testimony from Stueber's wife that her ability to work had been adversely affected by the battering incident alleged in the complaint. In response, Stueber admitted that he had accessed inappropriate internet sites but denied accessing teenage pornography. He stated that although he could "dispute many of the items", he was "not going to" because "he knew" that he could not do so in an informal hearing. Stueber never requested the EPC to strike any of the Commissioner's alleged additional claims of wrongdoing nor did he request a formal hearing. At the conclusion of the hearing, the EPC voted to permanently revoke Stueber's educator's certificate.
On appeal, Stueber contends that the EPC deprived him of his right to due process of law by permitting counsel for the Commissioner of Education to raise allegations of wrongdoing that were not set forth in the administrative complaint. He also contends that this matter must be remanded for a formal administrative hearing because the EPC erred by failing to sua sponte terminate the informal hearing and refer the matter for a formal administrative hearing once Stueber denied accessing teenage pornography on his school computer thereby raising disputed issues of fact. Because Stueber failed to request any such relief below, he waived his right to receive such relief on appeal.
In administrative appeals a claim of error cannot be raised for the first time on appeal. See Shady Oaks Mobile Modular *457 Estates v. Florida Public Serv. Comm'n, 654 So.2d 678 (Fla. 1st DCA 1995); Nurse Anesthetists v. Dep't of Prof'l Regulation, 500 So.2d 324 (Fla. 1st DCA 1986). As this court held in Walker v. Florida Dep't of Bus. & Prof'l Regulation, 705 So.2d 652 (Fla. 5th DCA 1998), when a party at an informal hearing does not request that the informal hearing be terminated in lieu of a formal hearing, the party waives the right to receive a formal hearing.[1]
In closing, we reject Stueber's contention that the law of waiver should not be applied here because, as a non-lawyer representing himself before the EPC, he was not aware of the legal requirements relating to the preservation of error. In Florida, pro se litigants are bound by the same rules that apply to counsel. See Kohn v. City of Miami Beach, 611 So.2d 538 (Fla. 3d DCA 1992)(holding that "it is a mistake to hold a pro se litigant to a lesser standard than a reasonably competent attorney").
AFFIRMED.
THOMPSON, C.J. and SAWAYA, J., concur.
NOTES
[1] Even if waiver had not occurred in this case, Stueber would not have succeeded on the merits of his appeal because the evidence presented as to the nature of the pornography he viewed and the effects of his battery on his wife were issues properly presented to the EPC in addressing the appropriate penalty to be imposed at the informal hearing, and not new charges of wrongdoing as Stueber claims. See e. g. Chrysler v. Dep't of Prof'l Regulation, 627 So.2d 31 (Fla. 1st DCA 1993); Klein v. Dep't of Bus. & Prof'l Regulation, 625 So.2d 1237 (Fla. 2d DCA 1993); Celaya v. Dep't of Prof'l Regulation, 560 So.2d 383 (Fla. 3rd DCA 1990).