902 So.2d 325 (2005)
Robert L. MELLER and Kristine M. Meller, Appellants,
v.
FLORIDA REAL ESTATE COMMISSION, et al., Appellees.
No. 5D03-4094.
District Court of Appeal of Florida, Fifth District.
May 27, 2005.
Robert L. Meller, Jr. and Kristine M. Meller, Golden Valley, MN, pro se.
Christopher J. De Costa, Acting Chief Attorney, Florida Division of Real Estate, *326 Orlando, for Appellee Florida Real Estate Commission.
No Appearance for other Appellees.
SAWAYA, C.J.
Robert and Kristine Meller appeal an order rendered by the Florida Real Estate Commission that denied their request for payment from the Florida Real Estate Recovery Fund for losses caused by Revonda Cross, a real estate licensee. The specific issue we must resolve is whether disputed issues of material fact existed that prohibited disposition of the issues raised by the Mellers pursuant to the informal hearing proceedings under section 120.57(2), Florida Statutes (2003).
The Mellers, residents of Minnesota, purchased certain real estate in Florida based on the advice of Cross, who informed them that it would make excellent rental property. After they purchased the property, the Mellers entered into a contract with Cross to manage the property in exchange for a commission of twenty percent of the gross rental receipts. Cross was to obtain any necessary licenses and market the property. After the Mellers filed suit against Cross alleging that she had failed to obtain the necessary licenses and had failed to remit two monthly rent payments and deposits, Cross filed for bankruptcy. The Mellers filed a motion in the bankruptcy court asking that court to set aside assets to cover the damages they sustained as a result of the wrongful conduct of Cross. That motion was denied, and Cross was discharged from her debts in the bankruptcy proceedings.
The discharge in the bankruptcy proceedings left pending the claim the Mellers filed pursuant to section 475.482, Florida Statutes (2003), seeking reimbursement for their damages from the Florida Real Estate Recovery Fund. The Mellers subsequently received a Notice of Hearing setting a hearing date before the Florida Real Estate Commission. However, while other cases were scheduled that date, there is no evidence in the record before us that the Mellers' case was heard. The Commission rendered the order we now review, concluding that although the Mellers had hired Cross to manage their property and Cross had converted certain rental income to her own use, the Mellers' claim should be denied because the "property was licensed under the provisions of Chapter 509, Florida Statutes, and operated as a transient rental." The finding that Cross's wrongful conduct was committed during the course of her duties relating to a transient rental facility licensed under Chapter 509 and not as a real estate licensee was significant because the Florida Real Estate Recovery Fund statute is inapplicable to claims arising out of the activities of a person engaged in the operation, for another, of a transient lodging establishment licensed under Chapter 509. See § 475.011(11), Fla. Stat. (2003) (exempting from Part I of Chapter 475, and thus precluding recovery from the Fund statute which appears in Part I, "[a]ny person ... which, for another and for compensation or other valuable consideration, rents or advertises for rent, for transient occupancy, any public lodging establishment licensed under Chapter 509."). Hence, whether the property was licensed under Chapter 509 is a critical issue because it determines whether the Mellers can recover.
The order was rendered pursuant to section 120.57(2), Florida Statutes (2003), without a formal evidentiary hearing. Section 120.569(1), Florida Statutes (2003), explains when a proceeding under section 120.57(2) may properly be conducted:
The provisions of this section apply in all proceedings in which the substantial interests of a party are determined by an *327 agency, unless the parties are proceeding under s. 120.573 or s. 120.574. Unless waived by all parties, s. 120.57(1) applies whenever the proceeding involves a disputed issue of material fact. Unless otherwise agreed, s. 120.57(2) applies in all other cases.
We are not concerned with mediation proceedings under section 120.573 or summary hearing proceedings under section 120.574.[1] Moreover, it is not disputed that the Mellers' substantial interest has been determined by the order rendered by the Commission. See Varney v. Florida Real Estate Comm'n, 515 So.2d 383 (Fla. 5th DCA 1987) (holding that an order rendered by the Florida Real Estate Commission denying a claim against the Florida Real Estate Recovery Fund determines a substantial interest of the parties sufficient to require a hearing under section 120.57). Therefore, the Commission was required to render its decision in accordance with section 120.57, which provides for two types of proceedings-formal and informal. § 120.57(1), (2), Fla. Stat. (2003). We must determine whether the informal proceeding under section 120.57(2) was appropriate in the instant case.
If the agency's action will determine the substantial interests of a party and there are disputed issues of material fact, a party is entitled to a formal proceeding under section 120.57(1). See § 120.569(1), Fla. Stat. (2003); Spuza v. Department of Health, 838 So.2d 676 (Fla. 2d DCA 2003); Buchheit v. Department of Bus. & Prof'l Regulation, Div. of Fla. Land Sales, Condos. & Mobile Homes, 659 So.2d 1220 (Fla. 4th DCA 1995); Foreman v. Columbia County Sch. Bd., 408 So.2d 653 (Fla. 1st DCA 1981). A person may waive the right to a section 120.57(1) hearing by electing an informal hearing under section 120.57(2). § 120.569(1), Fla. Stat. (2003); Fabry v. Department of Health & Rehabilitative Servs., 703 So.2d 502 (Fla. 5th DCA 1997). Absent a waiver, an informal proceeding under section 120.57(2) is appropriate when the substantial interests of a party are determined but no material facts are in dispute. § 120.569(1), Fla. Stat. (2003); see also Weiss v. Department of Bus. & Prof'l Regulation, 677 So.2d 98, 99 (Fla. 5th DCA 1996) ("[W]hen no material facts are in dispute, an agency is not required to hold a formal hearing.").[2] However, if it becomes apparent during the course of an informal hearing under section 120.57(2) that material facts are in dispute, a formal hearing should be convened, and evidence that may have been obtained during the informal hearing may be considered in the formal proceeding. Spuza; Village Saloon, Inc. v. Division of Alcoholic Beverages & Tobacco, 463 So.2d 278, 285 (Fla. 1st DCA 1984); E.M. Watkins & Co. v. Board of Regents, 414 So.2d 583 (Fla. 1st DCA), review denied, 421 So.2d 67 (Fla.1982).
*328 Here, there is nothing in the record to indicate that any party waived the right to a formal proceeding under section 120.57(1), and it is evident that whether the property was licensed under Chapter 509 is a disputed issue of material fact. Therefore, the Mellers were entitled to a formal hearing.[3] Even if it had been appropriate to commence informal proceedings, it surely became apparent that a disputed issue of material fact emerged, triggering the need for a formal proceeding.[4] Thus, it was error to enter the order under review without first conducting a formal hearing in accordance with section 120.57(1). We, therefore, reverse the order under review and remand for proceedings pursuant to section 120.57(1).
REVERSED AND REMANDED.
PETERSON and MONACO, JJ., concur.
NOTES
[1] Both mediation proceedings and summary hearings are available if the parties agree in writing. § 120.573, Fla. Stat. (2003); § 120.574(1)(b), Fla. Stat. (2003). There is no evidence in this record of such an agreement between the parties.
[2] This court in Weiss further stated that "`[w]hen material facts are not in dispute, an agency is not required to grant a formal proceeding, even though requested by the party, and is free to insist that the matter be handled by informal proceeding.'" Weiss, 677 So.2d at 99 (quoting Village Saloon, Inc. v. Division of Alcoholic Beverages & Tobacco, 463 So.2d 278, 285 (Fla. 1st DCA 1984)); see also Schafer v. Department of Bus. & Prof'l Regulation, 844 So.2d 757, 758 (Fla. 1st DCA 2003) ("When material facts are not in dispute, an agency need not refer a matter to the Department of Administrative Hearings for a formal hearing, even if such a hearing is requested by a party. It may, instead, proceed informally.") (citing Nicolitz v. Board of Opticianry, 609 So.2d 92, 93-94 (Fla. 1st DCA 1992); Village Saloon).
[3] We are aware of this court's decision in McIntyre v. Seminole County School Board, 779 So.2d 639 (Fla. 5th DCA 2001), indicating that a formal hearing must be requested or it is waived. This has not been raised as an issue in this case and we note that the Commission has not filed a brief. Moreover, the Commission must make the required showing to establish such a waiver, and it obviously has not done so. See McIntyre, 779 So.2d at 641-42 ("For an agency to establish that a person has waived his right to an administrative hearing, the agency must demonstrate that the person has been advised of the action to be taken and the basis thereof, the right to an administrative hearing, a clear point of entry into the administrative process, and a deadline by which a hearing must be requested.") (citation omitted).
[4] This court has held that when a party at an informal hearing does not request that a formal hearing be convened after the discovery of the existence of a disputed issue of material fact, the party waives the right to proceed under section 120.57(1). See Stueber v. Gallagher, 812 So.2d 454 (Fla. 5th DCA 2002); Walker v. Florida Dep't of Bus. & Prof'l Regulation, 705 So.2d 652 (Fla. 5th DCA 1998). In both Stueber and Walker, an election had been made to proceed with an informal hearing under section 120.57(2). Here, no such election was made and the record does not indicate that any hearing was held during which the Mellers could request a formal hearing. Therefore, Stueber and Walker are inapplicable.