BENTON, J.,
concurring in part and dissenting in part.
I concur in today’s judgment insofar as it reverses the circuit court injunction, although it does so too late to do much good here. “The doctrine of exhaustion of administrative remedies precludes judicial intervention in executive branch decision-making where administrative procedures [and, if necessary, ensuing judicial review under section 120.68] can afford the relief a litigant seeks.” Fla. Marine Fisheries Comm’n v. Pringle, 736 So.2d 17, 20 (Fla. 1st DCA 1999). The trial court violated well-established principles by interjecting itself into an ongoing administrative proceeding, without requiring exhaustion of administrative remedies.
A bid dispute arose when Liberty sought to challenge certain specifications in a draft request for proposals as anticompeti-tive, arbitrary and capricious. Liberty alleged the challenged specifications would have the effect of disqualifying it from bidding or proposing to perform certain services, essentially on grounds of insufficient experience, even though Liberty had been performing such services for a period of years, and was indeed the only entity who had ever done so in Florida.
After filing a notice of intent to protest and learning the amount of the bond it would have to post to make the bid protest (but before actually filing a written protest with the agency), Liberty made a preemptive strike in circuit court. There Liberty mounted an ostensible challenge to provisions of the very statute under which Florida allows prospective bidders to have input into the drafting of specifications. Surprisingly, the circuit court not only enjoined the agency’s requiring a bond in the amount it had determined to be statutorily mandated, but also vacated the automatic stay that resulted from the agency’s prompt appeal.
The “mere assertion of constitutional questions should not automatically entitle a party to bypass administrative channels.” Gulf Pines Mem’l Park, Inc. v. Oaklawn Mem’l Park, Inc., 361 So.2d 695, 699 (Fla. *41 1978). Liberty’s allegation in circuit court that the bond requirement in section 287.042(2)(c), Florida Statutes (2002), is unconstitutional on its face does not present a close question, and did not justify an injunction altering the course of administrative proceedings already in progress.* Whether a particular bond has been (or even could be) set so high as to deprive a vendor of a constitutional right can be decided, if not earlier, on review under section 120.68 of any final order entered.
Constrained by the circuit court’s unwarranted injunction, the agency allowed a protest unaccompanied by the protest bond the statute required. Liberty’s complaint that the hearing the agency then conducted on the protest was an informal hearing under section 120.57(2), rather than a formal hearing under section 120.57(1) — -required when there are disputed issues of material fact — merits limited sympathy in the context of a bid protest that was never properly perfected to begin with, because the requisite bond was not posted.
On the other hand, we ought not deprive a party of a hearing to which it would have been entitled on grounds that, relying on the circuit court’s injunction, it failed to post a bond the circuit court had (erroneously) enjoined the agency from requiring. As for the type of hearing, I agree with Liberty that there were disputes of material fact germane to the challenged specifications, and that any hearing to which it might be entitled should be conducted under section 120.57(1). See Meller v. Florida Real Estate Comm’n, 902 So.2d 325, 327 (Fla. 5th DCA 2005) (“If the agency’s action will determine the substantial interests of a party and there are disputed issues of material fact, a party is entitled to a formal proceeding under section 120.57(1). See § 120.569(1), Fla. Stat. (2003); Spuza v. Department of Health, 838 So.2d 676 (Fla. 2d DCA 2003); Buchheit v. Department of Bus. & Prof'l Regulation, Div. of Fla. Land Sales, Condos. & Mobile Homes, 659 So.2d 1220 (Fla. 4th DCA 1995); Foreman v. Columbia County Sch. Bd., 408 So.2d 653 (Fla. 1st DCA 1981).”).
Accordingly, I would reverse and remand with directions that Liberty be given a two- or three-day period in which to post bond in the amount the agency has set. If (and only if) such a bond were posted, Liberty would be entitled to a formal administrative hearing. To the extent today’s decision does not allow this opportunity, I respectfully dissent.

 "Since the administrative process cannot resolve a constitutional attack upon a statute, as noted in Carrollwood State Bank v. Lewis, 362 So.2d 110, 113-114 (Fla. 1st DCA 1978), and Department of Revenue v. Young American Builders, 330 So.2d 864 (Fla. 1st DCA 1976), the circuit court may entertain a declaratory action as to the statute's validity when the facial constitutionality of a statute being implemented by an agency is challenged.'' Fla. Marine Fisheries Comm’n v. Pringle, 736 So.2d 17, 22 n. 4 (Fla. 1st DCA 1999). But such a challenge must raise a substantial question to justify interference with an ongoing administrative proceeding.