DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARCO CADEJUSTE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2023-0224

[March 13, 2024]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert L. Pegg, Judge; L.T. Case No. 562022CF001079A.

Carey Haughwout, Public Defender, and Gary Lee Caldwell, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jessenia J. Concepcion, Senior Assistant Attorney General, West Palm Beach, for appellee.

LEVINE, J.

Appellant was convicted of attempted first-degree murder with a weapon and attempted second-degree murder with a weapon after representing himself at trial. Appellant now appeals his convictions and sentences raising eight issues: (1) the trial court erred in its rulings regarding appellant's efforts to impeach the state's fact witnesses, (2) the trial court erred in ruling that appellant could not comment on the fact that the state had not introduced body camera videos in evidence, (3) the trial court erred in allowing the state to argue that the substance of the videos was inadmissible hearsay, (4) the trial court erred in sustaining the state's objection to appellant's statement to the jury that he sought to have the state perform DNA testing on the screwdriver, (5) the trial court erred in overruling appellant's discovery objection, (6) appellant's PRR sentences were illegal, (7) appellant was improperly convicted by a six-person jury in violation of the due process and jury clauses of the federal constitution, and (8) the costs of investigation were illegally imposed.

Initially, we observe that this case illustrates the potential dangers of self-representation. *Stueber v. Gallagher*, 812 So. 2d 454, 457 (Fla. 5th DCA 2002) ("In Florida, *pro se* litigants are bound by the same rules that apply to counsel."); *Walker v. Estate of Yee*, 376 So. 3d 758, 758 (Fla. 4th DCA 2024). Almost all of the issues appellant raises were not properly preserved for appellate review, and the few issues that were preserved are either not error or were harmless error.

Thus, we affirm on all issues without further comment, except the last issue. As to that issue, we reverse the imposition of investigative costs which were never requested by the state at sentencing. The state concedes error. *Boesch v. State*, 368 So. 3d 454, 456 (Fla. 4th DCA 2023) ("Before a trial court can impose investigative costs, the defendant must be convicted of a crime and the investigative agency must request them."). The state cannot request investigative costs on remand. *Richards v. State*, 288 So. 3d 574, 577 (Fla. 2020). "On remand, the trial court shall 'enter an amended judgment and sentence that strikes or deletes the investigative costs, without the State being entitled to have these costs reimposed.'" *Beauford v. State*, 375 So. 3d 923, 924 (Fla. 4th DCA 2023) (citation omitted). As such, we remand for the trial court to strike the investigative costs.

*Affirmed in part, reversed in part, and remanded with instructions.*

WARNER and ARTAU, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

2