IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

P.F-G,

     Appellant,

 v.

DEPARTMENT OF EDUCATION,
DIVISION OF VOCATIONAL REHABILITATION,

     Appellee.

Case No.  5D17-3675

_____/

Opinion filed July 20, 2018

Administrative Appeal from the
Department of Education,
Division of Vocational Rehabilitation.

P.F-G., Clermont, Pro se.

Brent McNeal, Florida Department of
Education, Tallahassee, for Appellee.

PER CURIAM.

     P. F-G. appeals the dismissal, with prejudice, of her amended petition challenging the use of an unadopted rule in vocational rehabilitation proceedings, filed pursuant to section 120.56(4), Florida Statutes (2017). Appellant raises several issues on appeal, but we only address the arguments that were preserved.[1] First, Appellant asserts the State

_____

     [1] Appellant also argued that the order dismissing the original petition was legally insufficient and that DOAH erred by not conducting a hearing to determine whether

of Florida Division of Administrative Hearings ("DOAH") erred by dismissing her initial petition when she alleged sufficient facts to challenge the unadopted rule. Second, Appellant argues that DOAH erred by dismissing her amended petition with prejudice because section 120.569, Florida Statutes (2017), does not expressly state that DOAH may dismiss with prejudice in this situation. We disagree and, therefore, affirm on both grounds.

After receiving assistance for her undergraduate degree, Appellant returned to the Florida Department of Education, Division of Vocational Rehabilitation ("Division"),[2] seeking further assistance to attend law school. The Division denied her request, and Appellant brought this petition, challenging the Division's use of the Counsel Policy Manual. Appellant argued that section 13.01 of the Policy Manual is an unadopted rule "because it implements, interprets, or prescribes law or policy or describes the procedure or practice requirements," of the Division.

On September 22, after conducting a telephonic hearing, DOAH dismissed the petition, with leave to amend within ten days. Appellant untimely filed her amended petition on October 2 at 6:22 p.m. According to Florida Administrative Code 28-106.104 (3), "[a]ny document received by the office of the agency clerk before 5:00 p.m. shall be filed as of that day but any document received after 5:00 p.m. shall be filed as of 8:00 a.m. on the next regular business day." Therefore, the amended petition was treated as

---

equitable tolling should apply to her untimely filed amended petition. However, Appellant failed to preserve these issues because she did not raise the specific arguments below. See Stueber v. Gallagher, 812 So. 2d 454, 456 (Fla. 5th DCA 2002) ("In administrative appeals a claim of error cannot be raised for the first time on appeal.").

[2] The Division is the administrative body responsible for compliance with the federal Vocational Rehabilitation Act. See 29 U.S.C. § 701; § 413.202, Fla. Stat. (2017).

2

though it was filed at 8:00 a.m. on October 3. The Division moved to dismiss with prejudice the amended petition because it was untimely. Appellant responded that the amended petition was late due to excusable neglect. Ultimately, DOAH dismissed the amended petition, stating that Appellant did not argue for equitable tolling of the deadline, excusable neglect does not apply in administrative proceedings, and Appellant had the opportunity to file for an extension but chose not to do so. Appellant appeals that decision.

According to section 120.56, Florida Statutes (2017);

> Any person substantially affected by an agency statement that is an unadopted rule may seek an administrative determination that the statement violates s. 120.54(1)(a). The petition shall include the text of the statement or a description of the statement and shall state facts sufficient to show that the statement constitutes an unadopted rule.

Despite Appellant's assertion that she alleged sufficient facts to challenge the unadopted rule, the original petition was riddled with conclusory statements, without any factual basis to support her claims. Accordingly, DOAH properly dismissed the petition because Appellant failed to allege facts to establish that the challenged statements constitute unadopted rules. See id.

In addition, DOAH did not err in dismissing Appellant's amended petition as untimely. Appellant was afforded one opportunity to amend her petition pursuant to section 120.569(2)(c), but she filed her amended petition late. As such, DOAH was required to dismiss her amended petition as untimely and was free to dismiss the petition with prejudice because it had already given Appellant the opportunity to amend. See § 120.569(2)(c), Fla. Stat. (2017) ("A petition shall be dismissed if it is not in substantial compliance with these requirements or it has been untimely filed. Dismissal of a petition shall, at least once, be without prejudice to petitioner's filing a timely amended petition

3

curing the defect, unless it conclusively appears from the face of the petition that the defect cannot be cured."). Accordingly, we affirm the dismissal with prejudice of Appellant's untimely filed amended petition.

AFFIRMED.

COHEN, C.J., SAWAYA and WALLIS, JJ., concur.